United States District Court
Southern District of Texas
FILED

JAN 3 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>    Plaintiff, )<br>vs. )<br><br>GRADY F. HAROLD, SR., individually and in )<br>his capacity as Independent Executor of the )<br>Estate of Lillian A. Schwarz (deceased); )<br>KATHRYN L. HEROLD; PEGGY L. HORN )<br>(a/k/a Peggy L. Horn Birch); )<br>RUBY L. WELLS; DORIS JEAN )<br>SHANNON; CAMERON COUNTY, TEXAS; )<br>CAMERON COUNTY EMERGENCY )<br>SERVICES; CAMERON COUNTY )<br>DRAINAGE DISTRICT #1; )<br>SOUTHMOST UNION JR. COLLEGE; )<br>SOUTH TEXAS INDEPENDENT SCHOOL )<br>DISTRICT; SAN BENITO INDEPENDENT )<br>SCHOOL DISTRICT; )<br>PORT OF HARLINGEN; )<br>HARLINGEN CONSOLIDATED )<br>INDEPENDENT SCHOOL DISTRICT; )<br>BROWNSVILLE INDEPENDENT SCHOOL )<br>DISTRICT; )<br>BROWNSVILLE NAVIGATION DISTRICT; )<br>CITY OF BROWNSVILLE; )<br>HILDAGO COUNTY, TEXAS; )<br>HILDAGO COUNTY DRAINAGE DIST. # 1; )<br>HILDAGO COUNTY FIRE DISTRICT # 2; )<br>CITY OF MERCEDES, TEXAS; )<br>MERCEDES TEXAS INDEPENDENT )<br>SCHOOL DISTRICT; )<br>MERCEDES WATER DISTRICT # 9; )<br>SOUTH TEXAS COMMUNITY COLLEGE; )<br>CHAMBERS COUNTY, TEXAS; )<br>CHAMBERS COUNTY TRINITY BAY )<br>CONSERVATION DISTRICT; )<br>ANAHUAC INDEPENDENT SCHOOL )<br>DISTRICT; )<br>CHAMBERS LIBERTY COUNTIES- )<br>NAVIGATION DISTRICT; CHAMBERS )<br>COUNTY HOSPITAL DISTRICT (a/k/a )<br>BAYSIDE COMMUNITY HOSPITAL) )<br>ZAPATA COUNTY, TEXAS; )<br>ZAPATA INDEPENDENT SCHOOL )<br>DISTRICT; and THE STATE OF TEXAS; )<br><br>    Defendants. )<br> ) | Civil Case No.  B-02- 015 |

1

## Original Complaint

1. Plaintiff, United States of America, pursuant to 26 U.S.C. §§ 7401, 7403, and 7404, at the direction of the Attorney General of the United States, as authorized and requested by Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, complains against defendants as follows:

2. This is an action by the United States to foreclose its federal tax liens and enforce deed of trust against all[1] property and rights to property in which the Estate of Lillian A. Schwarz (the Estate) has any interest including, but not limited, to the real estate and mineral interests described below:

   A. Approximately 82 acres of real estate located in Cameron County, Texas, as more specifically described in Exhibit 1;

   B. Approximately 7.8 acres of real estate located in Cameron County, Texas, as more specifically described in Exhibit 2;

   C. Approximately 59.55 acres of real estate located in Hildago County, Texas, as more specifically described in Exhibit 3;

   D. Approximately 239.70 acres of real property located in Hildago, County, Texas, as more specifically described in Exhibit 4;

   E. Approximately 41.68 acres of real property in Chambers County, Texas, as more specifically described in Exhibit 5; and

   F. A mineral interest located in Zapata County, Texas, as more specifically described in Exhibit 6.

3. Said real property and mineral interests (hereafter "the Properties") are property in which the Estate has an interest. Said tax liens and deed of trust are being foreclosed and enforced against the Property in order to satisfy the unpaid federal estate tax liability of the Estate in the amount of $4,486,186.37 (as of May 31, 2001), plus additional statutory interest and

---

[1] A separate suit was filed by the United States to foreclose its tax liens and deed of trust against the Estate's rights in two tracts of real estate located on South Padre Island. See Civil No. B-01-053 filed in the Southern District of Texas, Brownsville Division.

2

additions as allowed by law.

4.  This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

5.  Venue is proper in this Court under 28 U.S.C. §§ 1391, 1392, and 1396 because a substantial portion of the Property is located in Cameron County, Texas.

6.  Defendant, Grady F. Herold, Sr., is named herein as a defendant because he is the Independent Executor of the Estate and record title holder of the Properties. Mr. Herold is also named herein as a defendant in his individual capacity because he is the son-in-law of Lillian A. Schwarz and may have some other interest in the Properties or in other property or rights of the Estate.

7.  Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris J. Shannon, are named as defendants herein because they are the heirs of Lillian A. Schwarz and by operation of law on her death obtained an equitable interest in the Properties, and to the extent that they have any other interest in the Properties or in other property or rights of the Estate.

8.  Cameron County, Texas; Cameron County Emergency Services; Cameron County Drainage District #1; Southmost Union Jr. College; South Texas Independent School District; San Benito Independent School District; Port of Harlingen; Harlingen Consolidated Independent School District; Brownsville Independent School District; Brownsville Navigation District; and the City of Brownsville, are named as defendants herein to the extent they assert liens against the real estate located in Cameron County, Texas (Exhibits 1 and 2), and to the extent that they hold any other interest in the Properties or in other property or rights of the Estate.

9.  Hildago County, Texas; South Texas Independent School District; Hildago County Drainage District # 1; Hildago County Fire District # 2; City of Mercedes, Texas; Mercedes Texas Independent School District; Mercedes Water District # 9; and South Texas Community College, are named as defendants herein to the extent that they assert liens against the real estate located within Hildago County, Texas (Exhibits 3 and 4), and to the extent that they hold any other interest in the Properties or in other property or rights of the Estate.

10. Chambers County, Texas; Chambers County Trinity Bay Conservation District; Anahuac Independent School District; Chambers Liberty Counties - Navigation District; and Chambers County Hospital District (Bayside Community Hospital), are named as defendants herein to the extent that they assert liens against the real estate located within Chambers County, Texas (Exhibit 5), and to the extent that they hold any other interest in the Properties or in other property or rights of the Estate.

11. Zapata County, Texas; and Zapata Independent School District, are named as defendants herein to the extent that they assert liens against the mineral interests located within Zapata County, Texas (Exhibit 6), and to the extent that they hold any other interest in the Properties or in other property or rights of the Estate.

12. The State of Texas is named as a defendant herein because it holds a lien against the Properties for unpaid state inheritance taxes, and to the extent that it holds any other interest in the Properties or in other property or rights of the Estate.

13. On or about July 7, 1986, the Internal Revenue Service assessed the taxes shown as due on a Federal Estate Tax return filed by the Estate of Lillian A. Schwarz. As of May 31, 2001, the total amount of unpaid tax, penalty and interest owed was $4,486,186.37. Additional statutory interest, additions and penalties will continue to accrue on said balance until said liability has been paid in full.

14. Pursuant to 26 U.S.C. § 6321, and as a result of the foregoing assessments against the Estate of Lillian A. Schwarz, a statutory lien in favor of the United States arose on the date of assessment.

15. The federal tax liens described above attached to all of the Estate's property and rights to property (whether real or personal property) on the date of such assessments and continued to attach to any property or rights to property acquired after the liens arose.

16. The IRS issued notice and demand for payment of the unpaid federal estate taxes upon the Estate of Lillian A. Schwarz.

4

17. In addition to its statutory tax liens, the Internal Revenue filed Notices of Federal Tax Liens against the Estate of Lillian A. Schwarz:

    A. In the Cameron County real property records on or about, September 21, 1992, August 19, 1996, and February 21, 2001; and

    B. In the Hildago County real property records on or about, October 13, 1992, August 19, 1996, and February 20, 2001.

18. Furthermore, on August 17, 1995, the Estate of Lillian A. Schwarz and all of the heirs executed a deed of trust ("Deed of Trust") in favor of the United States (IRS) as to the Properties at issue here.

19. The Deed of Trust was recorded in the real property records of Cameron County, Hildago County, and Chambers County, Texas, on August 18, 1995.

20. On August 17, 1995, the State of Texas entered into a subordination agreement with the United States ("Subordination Agreement") wherein the State of Texas agreed that its liens for unpaid state death taxes filed in Cameron, Hildago and Chambers Counties, on August 6, 1986 and August 14, 1986, were subordinate to the above described federal tax liens and Deed of Trust.

19. The State of Texas further agreed that its liens would remain subordinate to the above described federal tax liens and Deed of Trust "regardless of the frequency or manner of renewal, extension, change, or alteration of the Indebtedness secured thereby."

20. On August 18, 1995, the Subordination Agreement was recorded in the property records of Cameron County.

21. By agreement dated August 24, 1997, the Deed of Trust was modified (the "Modification Agreement"), and eventually signed by the IRS on September 29, 1997.

22. On October 13, 1997, the Modification Agreement was recorded in the Cameron County property records.

23. To date, despite notice and demand for payment by the Internal Revenue Service, the Estate of Lillian A. Schwarz, has failed, neglected, or refused to pay the above described assessments, plus statutory interest and additions allowed by law.

24. The statute of limitations to collect the above described liability was suspended or extended several times by the Estate of Lillian A. Schwarz, and remains open as of the date this suit is filed.

25. Consequently, the United States is entitled to collect the federal estate taxes owed by the Estate and to enforcement of the above described federal tax liens and deed of trust against the Properties and any other property or rights of the Estate in accordance with the law.

<u>Prayer</u>

WHEREFORE, the United States requests that the Court foreclose the federal tax liens and deed of trust against the Properties, and any other property or rights of the Estate; that such Properties, and other property and rights of the Estate be sold; that the proceeds of such sales, after payment of the costs of the sale, be distributed to the United States to satisfy the Estate's unpaid estate tax liability, and any excess proceeds be distributed to the other defendants based upon their priority of interest therein; and that the United States be granted such other and further relief, at law or equity, to which it may be justly entitled, including its fees and costs of this litigation.

*/s/ Andrew Sobotka*

**Andrew L. Sobotka**
Texas Bar No. 18819900
(214) 880-9736
**Manuel P. Lena Jr.**
Texas Bar No. 12201255
(214) 880-9750
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9741 (fax)

Michael T. Shelby
United States Attorney

Attorneys for United States

## Rangerville Farm Property

Approximately 82.13 acres, more or less, remaining out of the "Rangerville Farm" consisting of several blocks of land located in Cameron County Texas, South of Harlingen, Texas, between Rangerville Road and the Arroyo Colorado and lying generally along unpaved "Thieme Road". More specifically:

Block 32 (containing 9 acres), Block 33 (containing 9 acres), Block 34 (containing 9.82 acres), and Block 36 (containing 8.62 acres), of the Waggoner Highlands Subdivision, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 6, page 58, Map Records of Cameron County, Texas; and

Block 3 (containing 45.69 acres, more or less) of the Harlingen Land and Water Company's Subdivision "A", Concepcion de Carricitos Grant, Cameron County, Texas, according to the Map or Plat thereof recorded in Volume 1, Page 20, Map Records of Cameron County, Texas.



GOVERNMENT EXHIBIT 1

# LEGAL DESCRIPTION OF THE BROWNSVILLE TRACT

7.73 acres out of Block 45, El Jardin Subdivision of the Brownell Tract, Share 28, Espiritu Santo Grant, Cameron County, Texas, said Subdivision recorded in Volume 5, page 36, Map Records, Cameron County, Texas:

From the Southwest corner of Block 45, North 2 degrees 41 minutes East, 61.47 feet; North 57 degrees 07 minutes East, 61.47 feet; and North 2 degrees 41 minutes East, 167.81 feet to the place of BEGINNING, said point being on the East right-of-way line of the Chicago Gardens Drain Ditch;

THENCE along the East right-of-way line of said drain ditch, 50.0 feet perpendicularly East of and parallel to the West line of Block 45, North 2 degrees 41 minutes East, 1287.8 feet to a point on the North line of Block 45 for the Northwest corner of this tract;

THENCE along the North line of Block 45, due East 252.0 feet to the Northwest corner of a certain 2.35-acre tract, conveyed by C. E. Dunlap and W. W. Stevens to F. B. May, et. ux., by Deed recorded in Volume 457, pages 188-190, Deed Records, Cameron County, Texas;

THENCE along the West line of said 2.35-acre tract, South 2 degrees 41 minutes West, 1287.5 feet to a point on the Northwest right-of-way line of State Highway No. 48 for the Southeast corner of this tract;

THENCE along the Northwest right-of-way line of State Highway No. 48, 50.0 feet perpendicularly Northwest of its center line, South 57 degrees 07 minutes West, 247.93 feet to the Southeast corner of two tracts of land conveyed by C. E. Dunlap to the Brownsville Navigation District by a Deed recorded in Volume 624, pages 234-236, Deed Records, Cameron County, Texas;

THENCE along the East lines of the said two tracts conveyed to the Navigation District, North 2 degrees 41 minutes East, 167.31 feet to the Northeast corner of the above mentioned two tracts;

THENCE along the North line of the Tract conveyed to Brownsville Navigation District, South 57 degrees 07 minutes West, 61.47 feet to the place of Beginning, containing 7.73 acres, more or less.

GOVERNMENT EXHIBIT 2

## Heidelberg / Airport Farm Property

Approximately 59.55 acres, more or less, remaining out of the "Heidelberg / Airport Farm" generally located Northeast of Mercedes, Texas, and along FM 491 and Mile 10 North Roads. More specifically described as:

All of Lot 7, Block 25 (consisting of 39.55 acres, more or less), and the North 1/2 (consisting of 20 acres more or less), of Lot 10, Block 44, of the Capisallo District Subdivision, Hildago County, Texas, according to the Map or Plat therof, recorded in Volume P, page 225, Deed Records, Hildago County, Texas.

GOVERNMENT EXHIBIT 3

# LEGAL DESCRIPTION OF
# W.F. SHAW PROPERTY
# 239.70 ACREAGE

Being 239.40 acres out of Capisallo District Subdivision, Hidalgo County, Texas according to map or plat recorded in Volume P, Page 225, Deed Records, Hidalgo County, Texas reference to which is here made for all purposes. Said tract of land being more particularly described as follows:

**TRACT I:**

Fractional part of Lot No. Ten (10) min. Block No., Seventy-eight (78)
BEGINNING at a point on the North line of Lot No. Ten (10), Block No. Seventy-eight (78) 235 feet West of the Northeast corner of said lot;

THENCE, South 540 feet; THENCE, West 433.33 feet; THENCE, North 540 feet; THENCE, East 433.33 feet to the PLACE OF BEGINNING, containing Five (5) acres more or less, being a part of that certain larger tract of land surveyed and platted for the American Rio Grande Land & Irrigation Company, which survey and platted map is on file in the Office of the County Clerk of Hidalgo County, Texas, to which reference is made. It is also being the same tract of land conveyed by the American Rio grande Land & Irrigation Company to Antonio Ortega, January 28th, 1911, recorded in the Deed Records of Hidalgo County, Texas, in Book 30, Pages 85-89 to which reference is made; being the same tract of land conveyed by Antonio Ortega to W. F. Shaw in a Warranty Deed dated December 8, 1918, of record in the Deed Records of Hidalgo County, Texas, in Volume 47, Page 910 to which reference is made.

**TRACT II:**

Being parts of Lots 9 and 10 in Block Seventy-eight (78) on the plan of the Capisallo Land District which was surveyed and platted for the American Rio Grande Land and Irrigation Company by Chester B. Davis, as engineer, the said land consisting of ten acres, and the same sold by said Company to James N. Kilgore, March 18, 1909, as evidenced by its deed of said date and recorded in the records of Hidalgo County, Edinburg, Texas, in Volume T, Pages 582, et seq; also the same land sold by the said James N. Kilgore to John P. Ibson May 17, 1910, evidenced by deed recorded in said records in Volume Nine (9) at Pages 89 et seq, and special reference is made to the said two deeds for description reservations and covenants pertaining to said land. Which land is more fully described by metes and bounds, as follows, to-wit:

BEGINNING at a point on the North boundary line of said Lot No. 9, distant seven hundred


GOVERNMENT EXHIBIT 4

and thirty-five (735) feet along said boundary line from the Northeast corner of said lot;

THENCE, East along said North boundary line and along the North boundary line of Lot No. 10, in Block 78, a distance of eight hundred and twenty (820) feet;

THENCE, South and parallel with the Capisallo Base line, a distance of five hundred and forty (540) feet;

THENCE, East and parallel with the North boundary lines of said Lots 9 and 10, a distance of eight hundred and twenty (820) feet;

THENCE, North and parallel with the Capisallo Base line, a distance of five hundred and forty feet (540) to the POINT OF BEGINNING containing ten and seventeen one-hundredths (10.17) acres more or less; this being the same land conveyed by John P. Ibson to W. F. Shaw in Warranty Deed dated July 5, 1912, recorded in Volume 22, Page 375 of the Deed Records of Hidalgo County, Texas.

TRACT III:

Being out of and forming a part of the Llano Grande Grant of land situated in Hidalgo County, Texas, and also being out of and forming a part of the platted subdivision of said grant made by the American Rio Grande Land and Irrigation Company called Capisallo District Subdivision; said map and plat of said subdivision being recorded in the Deed and Map Records of Hidalgo County, Texas, to which reference is hereby made for greater certainty; the land hereby conveyed being described as follows:

BEGINNING at the Northwest corner of Lot No. 12 in Block No. 67; THENCE Southerly along its West boundary lien 895.7 feet; THENCE, to the left 162 degrees, 36 minutes, 150.5 feet; THENCE to the left 17 degrees 24 minutes, 752.1 feet to a point on its North boundary line; THENCE to the left 90 degrees no minutes, Westerly along said North boundary line, 45.0 feet to its Northwest corner, the POINT OF BEGINNING; containing 0.85 acre, more or less;

BEGINNING at a point on the East boundary line of Lot 9 in Block No. 78, which point is 424.3 feet North of its Southeast corner; THENCE, Northerly along said East boundary line, 211.3 feet; THENCE, to the left 161 degrees 11 minutes, 671.5 feet to a point on its South boundary line 216.6 feet West of its Southeast corner; THENCE, to the left 108 degrees 49 minutes, Easterly along said South boundary line, 83.6 feet; THENCE, to the left 79 degrees 36 minutes, 444.65 feet to the POINT OF BEGINNING, containing 0.93 acre, more or less;

BEGINNING at a point on the North boundary line of Lot No. 16 in Block No. 78 which point is 133.0 feet West of its Northeast corner; THENCE, Westerly along said North boundary line 83.6 feet; THENCE to the left 71 degrees 11 minutes, 129.7 feet; THENCE, to the right 71 degrees 11 minutes, 300.8 feet; THENCE, to the left 174 degrees 44 minutes, 378.2 feet; THENCE, to the left 78 degrees 03 minutes, 166.3 feet to the POINT OF BEGINNING, containing 0.40 acre, more or less;

This being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Special Warranty Deed dated February 11, 1929, and recorded at pages 558-560 in Volume 301, Deed Records, Hidalgo County, Texas.

TRACT IV:

BEGINNING at the Northeast corner of Lot No. Nine (9) in Block No. Seventy-eight (78); THENCE, West 735 feet; THENCE, South and parallel with the Capisallo Base Line, 592.65 feet; THENCE, East and parallel with the five and one-half mile North line or Southern boundary of the town of Mercedes, 735 feet; THENCE, North along the Capisallo Base Line 592.65 feet to a PLACE OF BEGINNING, said lot, tract, piece or parcel of land

containing ten (10) acres, more or less, being a part to the extent, metes, bounds and quantity thereof, of that certain larger tract of land surveyed and platted for the American Rio Grande Land and Irrigation Company, the said land consisting of Ten (10) acres, inclusive of such portion thereof as may underlie roads and highways forty (40) feet in width along section or block lines and thirty (30) feet in width along half section or half block lines running North and South, as the same appear upon the said plat and survey.

Said lot, tract, piece or parcel of land being fractional part of lot numbered Nine (9) of Block No. Seventy-eight (78), and in the surveyed and platted lands according to the survey and maps thereof now especially here referred to, and made a part hereof for greater certainty of description of the land hereby conveyed, said survey and platted map being on file in the Offices of the County Clerks of Hidalgo and Cameron Counties in the State of Texas; being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Warranty deed dated January 27, 1915 and recorded at Pages 177-180 of Volume 36 Deed Records, Hidalgo County, Texas.

TRACT V:

BEGIN at the Southwest corner of Lot 9, Block 78; THENCE, North along the West boundary of said lot a distance of 780 feet; THENCE, East along a ling parallel with the South boundary of said lot a distance of 585 feet; THENCE South along a line parallel with the West boundary of said lot a distance of 52.65 feet; THENCE, East along a line parallel with the South boundary of said lot a distance 735 feet to a point on the Capisallo Base line, the East boundary of said lot; THENCE, South along said East boundary a distance of 91.76 feet; THENCE, through an angle of approximately 18 degrees and 49 minutes to the right and along a straight line to a point on the South boundary of said lot, said point being 216.58 feet distant in a Westerly direction from the Southeast corner of said lot; THENCE Westerly along the South boundary of said lot to the POINT OF BEGINNING, containing 21.17 acres, more or less;

BEGIN at the Northwest corner of Lot 16, Block 78; THENCE East along the Northern boundary of said lot a distance of 1103.42 feet; THENCE through an angle of 93 degrees and 20 minutes to the right a distance of 123 feet; THENCE in a Westerly direction and along a line parallel to the North boundary of said lot a distance of 300 feet; THENCE along a straight line to the POINT OF BEGINNING, containing 1.80 acres, more or less, being a part to the extent, metes, bounds and quantity thereof, of that certain larger tract of land surveyed and platted for the American Rio Grande Land and Irrigation Company, the said land consisting of 22.97 acres, inclusive of such portion thereof as may underlie roads and highways a forty (40) feet in width along section or block lines and thirty (30) feet in width along half section or half block lines running North and South, as the same appear upon the said plat and survey.

Being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Warranty Deed dated February 7, 1911 and recorded at Pages 233-236, Volume 9, Deed Records, Hidalgo County, Texas.

TRACT VI:

BEGINNING at the Southeast corner of Lot 10, Block 78; THENCE Northerly along its East boundary line 780 feet; THENCE, Westerly and parallel to its South boundary 235 feet; THENCE, Southerly and parallel with said East boundary 780 feet; THENCE, Easterly along its South boundary 235 feet to POINT OF BEGINNING, containing 4.21 acres, more or less. BEGINNING at the Northeast corner of Lot 15, Block 78; THENCE, Westerly along its North boundary 235 feet; THENCE Southerly and parallel with the East boundary line of said lot a distance of 60 feet; THENCE in a Northeasterly direction along a straight line to a point on the East boundary line of said lot which is 50 feet South of its Northeast corner; THENCE North 50 feet to the POINT OF BEGINNING, containing thirty-hundredths (.30) of an acre, more or less. BEGINNING at the Northwest corner of Lot 16, Block 78; THENCE South 79 degrees 36 minutes East a distance of 680 feet; THENCE in a

Nothwesterly direction along a straight line to a point on the West boundary line of said lot 50 feet South of its Northwest corner; THENCE, North 50 feet to the POINT OF BEGINNING, containing thirty-two hundredths (.32) of an acre, more or less; being a part to the extent, metes, bounds and quantity thereof, of that certain larger tract of land surveyed and platted for the American Rio Grande Land and Irrigation Company, the said land consisting of four and 83/100 (4.83) acres, inclusive of such portion thereof as may underlie roads and highways forty (40) feet in width along section or block lines and thirty (30) feet in width along half section or half block lines running North and South, as the same appears upon the said plat and survey.

Said lot, tract, piece or parcel of land being portions of lot numbered Ten (10) Fifteen (15) and Sixteen (16) of Block Seventy-eight (78), and in the surveyed and platted lands, according to the survey and maps thereof now especially here referred to, and made part hereof for greater certainty of description of the land hereby conveyed, said survey and platted map being on file in the offices of the County Clerk of Hidalgo and Cameron counties in the State of Texas;

Being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Warranty Deed dated April 1, 1913 and recorded at Pages 9-12, Volume 36, Deed Records, Hidalgo County, Texas.

TRACT VII:

BEGINNING at a point on the North boundary line of lot number Ten (10) in Block number Seventy-eight (78) distant Three hundred forty (340) feet East from the Northwest corner of said lot; THENCE South and at right angles to said North boundary line, Fourteen hundred, Fourteen and 6-tenths (1414.6) feet; THENCE to the left 92 degrees 36 minutes, a distance of seven hundred forty-five and eight tenths (745.8) feet; THENCE to the left 87 degrees 24 minutes a distance of eight hundred forty and seven-tenths (840.7) feet; THENCE to the left 90 degrees no (0) minutes, a distance of four hundred thirty-three and three tenths (433.3) feet; then to the right 90 degrees no (0) minutes a distance of Five Hundred Forty (540) feet to a point on said North boundary line of said lot; THENCE to the left 90 degrees no (0) minutes and along said North boundary, Three Hundred Eleven and seven-tenths (311.7) feet to the POINT OF BEGINNING; containing Eighteen and fifty three hundredths (18.53) acres, more or less;

BEGINNING at a point on the North boundary line of lot number sixteen (16) in Block Number Seventy-eight (78) distant Two Hundred Sixteen and six-tenths (216.6) feet West from the Northeast corner of said Lot; THENCE West along said North boundary line, One Hundred Twenty seven and four-tenths (127.4) feet; THENCE to the left 86 degrees 40 minutes, a distance of One Hundred Twenty-three (123) feet; THENCE to the left 93 degrees 20 minutes, a distance of ninety-two and seven-tenths (92.7) feet; THENCE to the left 71 degrees 11 minutes, a distance of one hundred twenty-nine and seven-tenth (129.7) feet to the POINT OF BEGINNING, containing sixty-two one hundredths (.62) acre, more or less.

Being a part to the extent, metes, bounds and quantity thereof, of that certain larger tract of land surveyed and platted for the American Rio Grande Land and Irrigation Company, the said land consisting of Nineteen and 15/100 (19.15)acres, inclusive of such portion thereof as may underlie roads and highways forty (40) feet in width along section or block lines and thirty (30) feet in width along half section or half block lines running north and south, as the same appear upon the said plat and survey.

Said lot, tract, piece or parcel of land being fractional parts of lots numbered Ten (10), Fifteen (15), and Sixteen (16) of Block Seventy-Eight (78) and in the surveyed and platted lands, according to the survey and maps thereof now especially here referred to, and made part hereof now especially here referred to, and made part hereof for greater certainty of description of the land hereby conveyed, said survey and platted map being on file in the Offices of the County Clerks of Hidalgo and Cameron Counties in the State

of Texas.

Being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Warranty Deed dated January 2, 1918 and recorded at Pages 245-248, Volume 36, Deed Records, Hidalgo County, Texas.

TRACT VIII:

BEGINNING at a point on the North boundary line of Lot No. 2 in Block No. 77, which point is 300.0 feet West of its Northeast corner; THENCE, Westerly along said North boundary line 1020.0 feet to its Northwest corner; THENCE, to the left 5 degrees 25 minutes, 264.6 feet; THENCE to the left 84 degrees 21 minutes, 1374.6 feet; THENCE to the left 93 degrees 57 minutes, 269.6 feet; THENCE to the left 5 degrees 25 1/2 minute 1033.1 feet; THENCE to the left 80 degrees 51 1/2 minutes, 1217.95 feet to the POINT OF BEGINNING, containing 38.86 acres, more or less.

Being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Warranty Deed dated April 17, 1928, and recorded at Page 349, Volume 273, Deed Records, Hidalgo County, Texas.

TRACT IX:

BEGINNING at the southwest corner of Lot No. 15 in Block No. 78 THENCE easterly along its South boundary line 1164.2 feet; THENCE to the left 36 degrees 12 minutes, 1262.5 feet; THENCE to the left 25 degrees 20 minutes, 478.05 feet; THENCE to the left 113 degrees 01 minutes; 1095.9 feet; THENCE to the left 8 degrees 03 minutes, 1321.4 feet; THENCE to the left 10 degrees 37 minutes, 270.6 feet; THENCE to the left 76 degrees 47 minutes, 1173.1 feet; THENCE to the left 95 degrees 25 minutes, 264.6 feet to the Southwest corner of said Lot No. 15, the POINT OF BEGINNING, containing 61.56 acres, more or less.

Being the same land conveyed by American Rio Grande Land and Irrigation Company in Quit Claim Deed to W. F. Shaw dated April 17, 1928, recorded at Page 557, Volume 301, Deed Records, Hidalgo County, Texas.

TRACT X:

Being out of and forming a part of the Llano Grande Grant of land situated in Hidalgo County, Texas, and also being out of and forming a part of the platted subdivision of said grant made by the American Rio Grande Land and Irrigation Company called Capisallo District Subdivision; said map and plat of said subdivision being recorded in the Deed and Map Records of Hidalgo County, Texas, to which reference is hereby made for greater certainty, the land hereby conveyed being described by metes and bounds, as follows, to-wit:

BEGINNING at a point on the North boundary line of Lot 2 in Block 77, which point is 191.6 feet West of the Northeast corner of said lot; THENCE West along said boundary line, 144.2 feet; THENCE South 1112.4 feet; THENCE North 81 degrees 57 minutes East 1302.85 feet; THENCE North 630 feet; THENCE North 24 degrees 49 minutes West 937.1 feet; THENCE South 53 degrees 48 minutes West 932.5 feet to the POINT OF BEGINNING, containing 36.12 acres, more or less.

Being the same land conveyed by American Rio Grande Land and Irrigation Company to W. F. Shaw in Quit Claim Deed dated September 18, 1930, recorded at Page 250, Volume 329, Deed Records, Hidalgo County, Texas.

TRACT XI:

Being out of and forming a part of Llano Grant of land in Hidalgo County, Texas, and also

being out of and forming a part of the platted subdivision of said grant made by the Company called Capisallo District Subdivision, which said plat and map of said subdivision is duly recorded in the Deed and Map Records of Hidalgo County, Texas, to which reference is particularly made for better description.

The land hereby conveyed being designated on said map and plat as:

BEGINNING at a point on the North boundary line of Lot Number Ten (10) in Block Number Seventy-eight (78); Three Hundred forty (340) feet East of the Northwest corner of said Lot; THENCE Westerly along the North boundary line of Lots Numbers Ten (10) and Eleven (11), in said Block, Thirteen Hundred (1300) feet to the center line of a drainage ditch; THENCE to the left 46 degrees no (0) minutes, along said center line of drainage ditch, seven hundred ninety-four and 6/10 (794.6) feet; THENCE to the left 13 degrees 05 (5) minutes, continuing along said center line of drainage ditch, Eight Hundred Seventy-two (872) feet, to a point on the South boundary line of Lot Number Twelve (12) in said Block; THENCE to the left 30 degrees 55 minutes, Southerly continuing along said center line of drainage ditch, seven hundred fifty-nine and 4/10 (759.4) feet to a point on the North boundary line of the right-of-way of Hidalgo County drainage District No. 1; THENCE to the left 117 degrees 56 minutes along said North boundary line of said right-of-way, Seven Hundred Twenty-four and 4/10 (724.4) feet to a point on the East boundary line of Lot Number Thirteen (13) in said Block; THENCE to the right 14 degrees 43 minutes, continuing along said North boundary line of right-of-way, Thirteen Hundred Fifty-five and 9/100 (1355.9) feet to a point on the East boundary line of Lot No. 14 in said Block; THENCE to the right 10 degrees 37 minutes, continuing along said North boundary line of right-of-way, Three Hundred Forty and 1/10 (340.1) feet; THENCE to the left 87 degrees 24 minutes, Northerly, Fourteen Hundred Fourteen and 6/10 (1414.6) feet to the POINT OF BEGINNING; containing 73.83 acres, including such portion thereof as may underlie roads and highways along section lines and along half section or half block lines as same appears from said record Plat of said Subdivision.

Being the same land conveyed by Hidalgo and Cameron Counties Water Control & Improvement District No. 9 to W. F. Shaw in Warranty Deed dated March 2, 1943, recorded at Pages 477-479, Volume 539, Deed Records, Hidalgo County, Texas.

**SAVE AND EXCEPT** the following three tracts of land:

TRACT (A):

All that certain fractional part of Farm Tract No. Seventy-eight "A" (78-A) taken and used in the building and maintaining of a levee as built by the City of Mercedes and taken over and assumed by the County of Hidalgo, and being the part of Lots Thirteen (13), Fourteen (14) and Fifteen (15), in Block Seventy-eight (78), Capisallo District Subdivision of the Llano Grande grant in Hidalgo County, Texas as a subdivided, mapped and platted by the American Rio Grande Land & Irrigation Company; said map and plat of said subdivision being recorded in the Deed and Map Records of Hidalgo County, Texas, to which reference is hereby made for greater certainty, said tract hereby conveyed containing five and 78/100th (5.78) acres, and being described by metes and bounds as follows, to-wit:

BEGINNING at a point on the East boundary line of Lot No. Fourteen (14), in Block No Seventy-eight (78) of said Capisallo Subdivision, which point is 34.6 feet South of its Northeast Corner; THENCE South 76 degrees 55 minutes West 1355.9 feet to a point on its West boundary line; THENCE South 76 degrees 56 minutes West 657 feet; THENCE South 269.4 feet; THENCE North 62 degrees 4 min. East 724.4 feet to a point on said West boundary line of said Lot Fourteen (14); THENCE North 76 degrees 55 minutes East 1355.2 feet to a point on said East boundary line of said Lot Fourteen (14); THENCE North 87 degrees 24 minutes East 340 1 feet; THENCE North 154.1 feet; THENCE South 74 degrees 32 minutes West 352.8 feet to the PLACE OF BEGINNING, and containing 5.78 acres, more or less.

Being the same land heretofore conveyed by Charles W. Buskirk and wife, Agnes M. Buskirk to A. W. Cameron, County Judge, Hidalgo County, Texas, in Warranty Deed dated February 19, 126 and recorded at Pages 401, 402, Volume 208, Deed Records of Hidalgo County, Texas.

TRACT (B):

Being out of and forming a part of Lot No. Ten (10) in Block No. Seventy-eight (78) of the Capisallo District Subdivision of the Llano Grande Grant as subdivided by the American Rio Grande Land & Irrigation Company as per the map and plat thereof on file and of record in the Office of the County Clerk of Hidalgo County, Texas, to which reference is now here made, and being more particularly described by metes and bounds with reference to said map and plat as follows, to-wit:

BEGINNING at a point on the North line of said Lot No. 10 in Block No. 78, which point is 270 feet West from the Northeast corner of said Lot No. 10 in Block 78; THENCE South parallel to the East line of said Lot 10, a distance of 175 to a point; THENCE West parallel with the North line of said Lot 10, a distance of 187 feet to a point; THENCE North parallel with the East line of said Lot 10, a distance of 175 feet to a point on the North line of said Lot 10; THENCE East along the North line of said Lot 10, a distance of 187 feet, the point of beginning, containing 0.75 of an acre, more or less; together with an Easement over and across the Sixty (60) feet lying East of and adjacent to the above described parcel of land for the purpose of ingress and egress, until such time as a road or street shall be dedicated and established extending Missouri Avenue of the City of Mercedes, South over and across said Sixty (60) feet of land.

Being the same land conveyed by W. F. Shaw to T. G. Edwards in Warranty Deed dated January 12, 1949 and recorded at Pages 219-220, Volume 649, Deed Records of Hidalgo County, Texas.

TRACT (C):

Being out of and forming a part of Lots Nos. 2, 3, 6 and 7 in Block No. 77, and Lots 14 and 15 in Block No. 78, Capisallo District Subdivision of the Llano Grande Grant as per the map and plat thereof made by the American Rio Grande Land & Irrigation Company on file and of record in the Office of the County Clerk of Hidalgo County, Texas, to which reference is now here made for greater certainty of description, and being more particularly described with reference to said map or plat as follows, to-wit:

BEGINNING at a point on the North boundary line of said Lot No. 2, in Block No. 77, whence the monumented Northwest corner of said Lot bears due West, a distance of 716 feet, said beginning point being also on the center line of a drainage ditch passing through said lot; THENCE along center line of drainage ditch North 11 degrees and 8 minutes West; a distance of 367.6 feet to a hub in the center of a farm road; THENCE South 77 degrees, and 36 1/2 minutes West, a distance of 439.5 feet; THENCE South 57 degrees and 47 1/2 minutes West a distance of 542.5 feet; THENCE South 84 degrees and 35 minutes West a distance of 20.2 feet; THENCE South no degrees and 14 minutes West a distance of 1374.6 feet; THENCE North 86 degrees and 17 minutes, East a distance of 269.6 feet; THENCE North 80 degrees and 51 1/2 minutes East a distance of 970 feet to a point on center line of said drainage ditch; THENCE along center line of drainage ditch, North 11 degrees and 8 minutes West a distance of 1250.4 feet to the POINT OF BEGINNING, containing 38.44 acres, more or less;

Being the same land conveyed by W. F. Shaw to Joe Cook in Warranty Deed dated April 18, 1949, recorded at Pages 101-103, Volume 661, Deed Records, Hidalgo County, Texas.

Being a 41.675 acres out of the I. & G. N. R. R. Co. Survey No. 5, Abstract No. 381, in Chambers County, Texas, and being more particularly described as follows:

BEGINNING at the Southeast corner of a 41.675 acre tract this day conveyed to George August Schwarz and wife, Connie E. Schwarz;

THENCE, with the South line of said 4.1675 acre tract, which line is also the North line of the tract herein conveyed North 89 degrees 53 minutes West 3849.9 feet to their common corner in the East line of the Wash Stubbs Survey which is the West line of the I. & G. N. R. R. Survey No. 5 and;

THENCE, with said line South 12 degrees 27 minutes West 482.3 feet to the Southwest corner of this tract and is the Southwest corner of the I. & G. N. R. R. Survey No. 5 in the North line of the Anson Taylor League;

THENCE, with the line between said Anson Taylor League and I. & G. R. R. Survey, North 89 degrees 57 minutes East 3953.9 feet to the Southwest corner of the S. S. Scherer Survey and is the Southeast corner of this tract, being in the centerline of the Farm to Market Road NO. 562 and;

THENCE North with that line 459.8 feet to the PLACE OF BEGINNING and containing 41.675 acres more or less.

GOVERNMENT EXHIBIT 5

# Zapata Appraisal District Real Property Information

# This information current as of 1/29/2001

## Zapata Number: N050462 - GEO Number: MT3300719601002

| | |
|---|---|
| Owner's Name and Mailing Address | SCHWARZ LILLIAN A ESTATE<br><br>% G F HEROLD SR EXECUTOR<br>PO BOX 584<br>MERCEDES , TX 78570-0584 |
| Location | 0 T3300 |
| Legal Description | LEASE-VELA, EMILIANO W-1- 4 FIELD-ROLETA ABST-95<br>ACRES-661.3 DESC-SH 10<br>PORC 27 OPER-CONOCO INC.<br>RI-.007813 |

| Taxing Entities | Entity Code | Entity Name | Tax Rate |
|---|---|---|---|
| County | CZ | | |
| School | SZ | | |
| City and Other Districts | FM | | |

**This information is intended for reference only and is subject to change. It may not accurately reflect the complete status of the account as actually carried in Zapata Appraisal District's database and may not be used as a basis of protest or appeal. Information up to date as of 1/29/2001.**


GOVERNMENT EXHIBIT 6