IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. B-02-015 |
| GRADY F. HEROLD, SR., Individually and in<br>his capacity as Independent Executor of the<br>Estate of Lillian A. Schwartz (Deceased), et al,<br>Defendants | §<br>§<br>§<br>§ | |

**ORIGINAL ANSWER OF (1) CAMERON COUNTY, TEXAS,
(2) CAMERON COUNTY EMERGENCY SERVICES DISTRICT,
(3) CAMERON COUNTY DRAINAGE DISTRICT #1,
(4) SOUTHMOST UNION JUNIOR COLLEGE DISTRICT,
(5) SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT,
(6) SAN BENITO INDEPENDENT SCHOOL DISTRICT,
(7) PORT OF HARLINGEN, (8) HARLINGEN CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT, (9) BROWNSVILLE
INDEPENDENT SCHOOL DISTRICT, (10) BROWNSVILLE
NAVIGATION DISTRICT, (11) CITY OF BROWNSVILLE,
(12) HIDALGO COUNTY, TEXAS, (13) HIDALGO COUNTY
DRAINAGE DISTRICT #1, (14) HIDALGO COUNTY FIRE
DISTRICT #2, (15) CITY OF MERCEDES, TEXAS,
(16) MERCEDES INDEPENDENT SCHOOL DISTRICT,
(17) MERCEDES WATER DISTRICT #9, (18) SOUTH TEXAS
COMMUNITY COLLEGE DISTRICT, (19) CHAMBERS
COUNTY, TEXAS, (20) CHAMBERS COUNTY TRINITY BAY
CONSERVATION DISTRICT, (21) CHAMBERS LIBERTY
COUNTIES NAVIGATION DISTRICT, (22) CHAMBERS
COUNTY HOSPITAL DISTRICT (a/k/a BAYSIDE
COMMUNITY HOSPITAL), (23) ZAPATA COUNTY, TEXAS
and (24) ZAPATA INDEPENDENT SCHOOL DISTRICT**

TO THE HONORABLE UNITED STATES DISTRICT COURT

The defendants named above file the following answer to the Original Complaint (the "Complaint") of the United States.

1. No answer is required to Paragraph 1 of the Complaint because it does not allege facts.

2. No answer is required to Paragraph 2 of the Complaint because it does not allege

1

facts.

3. The Defendants admit the allegation in the first sentence of Paragraph 3 of the Complaint but is not required to answer the remainder of that Paragraph because it alleges the Plaintiff's intentions, not facts.

4. The Defendants admit the allegations in Paragraph 4 of the Complaint.

5. The Defendants admit the allegations in Paragraph 5 of the Complaint.

6. The Defendants admit the allegations in Paragraph 6 of the Complaint.

7. The Defendants admit the allegations in Paragraph 7 of the Complaint.

8. The Defendants admit the allegations in Paragraph 8 of the Complaint.

9. The Defendants admit the allegations in Paragraph 9 of the Complaint.

10. The Defendants admit the allegations in Paragraph 10 of the Complaint.

11. The Defendants admit the allegations in Paragraph 11 of the Complaint.

12. The Defendants admit the allegations in Paragraph 12 of the Complaint.

13. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 13 of the Complaint.

14. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 14 of the Complaint.

15. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 15 of the Complaint.

16. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 16 of the Complaint.

17. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 17 of the Complaint.

18. The Defendants lack sufficient information to either admit or deny the allegations

made in Paragraph 18 of the Complaint.

19. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 19 of the Complaint.

20. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 20 of the Complaint.

21. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 21 of the Complaint.

22. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 22 of the Complaint.

23. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 23 of the Complaint, but are inclined to believe that those allegations are true.

24. The Defendants lack sufficient information to either admit or deny the allegations made in Paragraph 24 of the Complaint.

25. No answer is required to Paragraph 25 of the Complaint because it alleges a legal conclusion.

### First Affirmative Defense

26. All of the Defendants are owed delinquent ad valorem taxes which they previously assessed on various of the tracts identified in the exhibits to the Complaint. Those taxes, together with associated statutory interest and penalties, are superior to the plaintiff's claims for federal estate tax liability by virtue of 26 U.S.C. §6323(6)(A) and TEX.PROP.TAX CODE ANN. §32.05.

### Second Affirmative Defense

27. All of the Defendants are owed delinquent ad valorem taxes which they previously assessed on various of the tracts identified in the exhibits to the Complaint. Those

taxes, together with associated statutory interest and penalties, are superior to any claims for state inheritance tax liability asserted by the State of Texas by virtue of TEX.PROP.TAX CODE ANN. §32.05.

### Third Affirmative Defense

28. All of the Defendants are owed delinquent ad valorem taxes which they previously assessed on various of the tracts identified in the exhibits to the Complaint. Those taxes, together with associated statutory interest and penalties, are superior to any interests in those tracts asserted by Grady F. Herold, Sr., individually and in his capacity as Independent Executor of the Estate of Lillian A. Schwarz (Deceased), Peggy L. Horn (a/k/a Peggy L. Horn Birch), Ruby L. Wells and Doris Jean Shannon by virtue of TEX.PROP.TAX CODE ANN. §32.05.

### Prayer

WHEREFORE, premises considered, the Defendants pray that the Plaintiff take nothing as to them by this suit, that they recover judgment for all delinquent ad valorem taxes plus accrued statutory interest and penalties which they have assessed on the Property, and that they have general relief.

Respectfully submitted,

LINEBARGER GOGGAN BLAIR PEÑA & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
Telefax No. (512) 443-3494

By: _____
KENT M. RIDER
Texas State Bar No. 16896000
Southern District Admission No. 13883

ATTORNEY IN CHARGE FOR DEFENDANTS CAMERON COUNTY, TEXAS, ET AL

4

## CERTIFICATE OF SERVICE

True and correct copies of the foregoing Answer were served by certified United States mail, postage prepaid, return receipts requested, addressed as follows on March 4, 2002:

Mr. Andrew L. Sobotka                    Item No. 7001 0320 0005 0399 8216
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Ste. 400
Dallas, Texas  75201

ATTORNEY FOR PLAINTIFF

Mr. Larry Sherlock                       Item No. 7001 0320 0005 0399 8209
Chamberlain Hrdlicka White Williams & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston, Texas 77002-4401

ATTORNEY FOR GRADY F. HEROLD, SR.,
KATHRYN LOUISE HEROLD, PEGGY L. HORN,
RUBY L. WELLS and DORIS JEAN SHANNON

Mr. David Randell                        Item No. 7001 0320 0005 0399 8193
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas  78711-2548

ATTORNEY FOR STATE OF TEXAS

Mr. Dick N. Walker
Business Manager
Anahuac I.S.D.
P.O. Box 369
Anahuac, Texas  77514-0369

*(signature)*
KENT M. RIDER