IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES (IRS) ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRADY F. HEROLD, SR., individually and in his ) <br> capacity as Independent Executor of the Estate of ) <br> Lillian A. Schwarz (deceased); KATHRYN L. HEROLD; ) <br> PEGGY L. HORN (a/k/a Peggy L. Horn Birch); ) <br> RUBY L WELLS; DORIS JEAN SHANNON; ) <br> CAMERON COUNTY, TEXAS; CAMERON ) <br> COUNTY EMERGENCY SERVICES; CAMERON COUNTY ) <br> DRAINAGE DISTRICT #1; SOUTHMOST UNION JR. ) <br> COLLEGE; SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT; ) <br> SAN BENITO INDEPENDENT SCHOOL DISTRICT; ) <br> PORT OF HARLINGEN; HARLINGEN CONSOLIDATED ) <br> INDEPENDENT SCHOOL DISTRICT; BROWNSVILLE ) <br> INDEPENDENT SCHOOL DISTRICT; BROWNSVILLE ) <br> NAVIGATION DISTRICT; CITY OF BROWNSVILLE; ) <br> HILDAGO COUNTY, TEXAS; HILDAGO COUNTY ) <br> DRAINAGE DIST. # 1; HILDAGO COUNTY FIRE DISTRICT # 2; ) <br> CITY OF MERCEDES, TEXAS; MERCEDES TEXAS ) <br> INDEPENDENT SCHOOL DISTRICT; MERCEDES WATER ) <br> DISTRICT # 9; SOUTH TEXAS COMMUNITY COLLEGE; ) <br> CHAMBERS COUNTY, TEXAS; CHAMBERS COUNTY ) <br> TRINITY BAY CONSERVATION DISTRICT; ) <br> ANAHUAC INDEPENDENT SCHOOL DISTRICT; ) <br> CHAMBERS LIBERTY COUNTIES-NAVIGATION DISTRICT; ) <br> CHAMBERS COUNTY HOSPITAL DISTRICT ) <br> (a/k/a BAYSIDE COMMUNITY HOSPITAL) ) <br> ZAPATA COUNTY, TEXAS; ZAPATA INDEPENDENT ) <br> SCHOOL DISTRICT; and THE STATE OF TEXAS; ) <br> Defendants | Case No. B- 02-CV-15 <br><br> United States District Court <br> Southern District of Texas <br> FILED <br><br> MAR 1 2 2002 <br><br> Michael N. Milby <br> Clerk of Court |

**WAIVER OF SERVICE OF SUMMONS FOR CHAMBERS COUNTY, TEXAS**

TO: ANDREW L. SOBOTKA.
   ATTORNEY FOR UNITED STATES OF AMERICA

I acknowledge receipt of your request that I waive service of a summons in the action of **United States of America v. Grady F. Herold Sr., Individually and in his capacity as Independent Executor of the Estate of Lillian A. Schwarz(deceased); Kathryn L. Herold, Peggy L. Horn, et al,** which is case number B-02-CV-15 in the United States District Court for the Southern District of Texas, Brownsville Division. I have also received a copy of the complaint in the action, the order for conference and disclosure of interested parties, the joint discovery/case management plan under rule 26(f) Federal Rules of Civil Procedure, and two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 8, 2002, or within 90 days after that date if the request was sent outside the United States.

| | |
|---|---|
| 2/18/02 | _signature_ |
| Date | Signature |

Printed/Typed Name: Kent M. Rider

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.