IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL NO. B-02-015 |
| § | |
| GRADY F. HEROLD, SR., et. al. § | |
| § | |
| Defendants. § | |

### ANSWER OF DEFENDANTS GRADY F. HEROLD, SR., KATHRYN LOUISE HEROLD, PEGGY L. HORN, RUBY L. WELLS, AND DORIS JEAN SHANNON

Defendants, Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon, by their undersigned attorneys, answer the Plaintiff's Complaint as follows:

1. Admit the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint, except deny that the United States has an interest in the properties equal to that claimed in the federal tax liens or the deeds of trust.

3. Admit the allegations contained in the first sentence of paragraph 3. Deny the allegations contained in the second sentence of paragraph 3 of the Complaint, except admit that the IRS purports to hold liens and a deed of trust in the amount stated.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint, except deny that Grady F. Herold, Sr. has any equitable interest in the property as the son-in-law of Lillian A. Schwarz.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that the Internal Revenue Service assessed the taxes shown as due on the federal estate tax return filed by the estate of Lillian A. Schwarz.

14. Admit the allegations contained in paragraph 14 of the Complaint, except deny any implication as to the validity of the lien with respect to any remaining balance of the assessment.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that to the extent the federal tax liens are valid, they attach to all of the estate's property and to the property at issue here.

16.　　Admit the allegations contained in paragraph 16 of the Complaint.

17.　　Admit the allegations contained in paragraph 17 of the Complaint, except deny the validity of the federal tax liens to the extent claimed by the IRS.

18.　　Admit the allegations contained in paragraph 18 of the Complaint.

19.　　Admit the allegations contained in paragraph 19 of the Complaint.

20.　　Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

19.[sic]Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph 19 of the Complaint.

20.[sic]Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph 20 of the Complaint.

21.　　Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.　　Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.　　Deny the allegations contained in paragraph 23 of the Complaint, except admit that the estate has not paid the full amount of the assessed tax.

24.　　Currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.　　Deny the allegations contained in paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

26. More than ten years elapsed between the making of the assessment and the filing of the Complaint herein. Pursuant to 26 U.S.C. § 6502, the applicable statute of limitations expired before the commencement of this lawsuit.

27. The assessment of tax is based on an appraisal of the Property that was unrealistically high and did not sufficiently take into account the dismal economic conditions at the valuation date, the political, environmental or regulatory restrictions on the development of the property and other factors which affected its value.

28. Additional interest and administrative expenses have accrued and been incurred by the estate that are deductible pursuant to Internal Revenue Code § 2053 and reduce the amount of tax assessed.

29. Finally, the estate made various payments against the assessment which reduced any remaining balance due on the alleged liability.

WHEREFORE, Defendants pray that the Court determine the proper amount of tax, penalty and interest due with respect to the federal tax liens, that the Court determine all other liabilities due from the estate to all other parties herein, order that the estate be entitled to sell the property at a

private sale, dismiss the Complaint in all other respects, and grant such other and further relief to which the estate may be justly entitled, including its costs and fees herein.

_____
LAWRENCE SHERLOCK
State Bar No. 18240720
U.S. District Court No. 7454
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas  77002
(713) 658-1818
(713) 658-2553 (facsimile)

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street
Suite 1400
Houston, TX  77002

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer has this 9th day of April, 2002, been made by mailing a copy thereof to:

>Andrew Sobotka
>U.S. Department of Justice
>Tax Division
>717 N. Harwood, Suite 400
>Dallas, Texas 75201
>
>Kent M. Rider
>Linebarger Heard Goggan Blair
>Graham Peña & Sampson, L.L.P.
>P. O. Box 17428
>Austin, Texas 78760
>
>David Randell
>Assistant Attorney General
>Bankruptcy and Collections Division
>P. O. Box 12548
>Austin, Texas 78711-2548

*[signature]*
LAWRENCE SHERLOCK

362537.1
001461-000000:4/9/2002