IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § Plaintiff § § v. § § GRADY F. HEROLD, SR., Individually § and in his capacity as Independent Executor § of the Estate of Lillian A. Schwarz § (Deceased), et al. § § Defendants. § | CIVIL NO. B-02-015 |

## MOTION OF DEFENDANTS GRADY F. HEROLD, SR., KATHRYN LOUISE HEROLD, PEGGY L. HORN, RUBY L. WELLS AND DORIS JEAN SHANNON TO REASSIGN CASE

Defendants, Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon ("the Estate and Heirs"), move the Court to enter an order reassigning this case to Judge Tagle. As grounds for their motion the Estate and Heirs would show as follows:

1. This is an action by the United States to foreclose a federal tax lien on various properties owned by the Estate to satisfy unpaid federal estate taxes.

2. The properties include six parcels, mostly agricultural, in Cameron, Hidalgo, Chambers and Zapata counties. These properties were valued for estate tax purposes, as agreed between the Estate and the IRS, at approximately $1,300,000. The unpaid federal estate tax is in excess of $2,700,000.

3.      In addition to the six parcels involved in this action, the Estate owns a parcel of real property on South Padre Island that was valued for estate tax purposes at $5,932,000. The South Padre Island property is not a subject of this action. Rather, it is the subject of a previous foreclosure action filed by the government on April 2, 2001, *U.S. v. Herold*, No. B-01-053 ("the first foreclosure suit").

4.      The first foreclosure suit was assigned to Judge Tagle. In the course of that case, Judge Tagle held two pretrial conferences and conducted a one-day bench trial on June 24, 2002. Judgment has not yet been entered in that case, but Judge Tagle ruled from the bench that no immediate foreclosure of the South Padre Island property will occur. Rather, the Estate will be allowed until June 2003 to close a pending sale of the property. If the pending sale closes, the full amount of unpaid taxes will be paid to the government. If the sale does not close, the Court will appoint a receiver to sell the South Padre Island property.

5.      The instant foreclosure case involves the same underlying tax liabilities as the first foreclosure suit. Because foreclosure is an equitable remedy, and Judge Tagle has already delved into the equities in this matter, this case should be reassigned to Judge Tagle.

6.      Counsel for the Estate and Heirs has conferred with counsel for the other parties to this case, and has been advised that the United States does not object to the granting of this motion, that the State of Texas objects to the granting of this motion, and that the local property taxing jurisdictions take no position with respect to the granting of this motion.

WHEREFORE, the Estate and Heirs pray that their motion be granted and that the case be reassigned to Judge Tagle.

*(signature)*
LAWRENCE SHERLOCK
State Bar No. 18240720
U.S. District Court No. 7454
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818
(713) 658-2553 (facsimile)

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street
Suite 1400
Houston, TX 77002

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Motion to Reassign has this 18th day of July, 2002, been made by mailing a copy thereof to:

>Andrew Sobotka
>U.S. Department of Justice
>Tax Division
>717 N. Harwood, Suite 400
>Dallas, Texas 75201
>
>Kent M. Rider
>Linebarger Heard Goggan Blair
>Graham Peña & Sampson, L.L.P.
>P. O. Box 17428
>Austin, Texas 78760
>
>David Randell
>Assistant Attorney General
>Bankruptcy and Collections Division
>P. O. Box 12548
>Austin, Texas 78711-2548

*Lawrence Sherlock*
LAWRENCE SHERLOCK

376486.2
001461-000000:7/17/2002