IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>GRADY F. HEROLD, SR., Individually and<br>in his capacity as Independent Executor of<br>the Estate of Lillian A. Schwarz (Deceased);<br>et al,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. B-02-CV-015 |

RESPONSE OF STATE OF TEXAS TO THE MOTION OF KATHRYN LOUISE HEROLD, PEGGY L. HORN, RUBY WELLS AND DORIS JEAN SHANNON TO REASSIGN CASE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, THE STATE OF TEXAS, Defendant, (hereinafter "the state") appearing through the Office of the Attorney General of the State of Texas, and files this Response to the Motion of Kathryn Louise Herold, Peggy L. Horn, Ruby Wells and Doris Jean Shannon to Reassign Case, and in opposition to the motion would show as follows:

1. The state admits the factual allegations in the motion, but disagrees with the characterization of the relief requested by the United States as "an equitable remedy" to be administered with reference to the equities presented in *U.S. v. Herold*, No. B-01-053 ("the first foreclosure suit") (Motion at Paragraph 5.) The first foreclosure suit presented issues that invoked the court's "limited equitable discretion" under the holding in *U.S. v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (U.S. 1983) to consider undue harm to third parties in deciding whether to grant the government foreclosure under 26 U.S.C.A. §7403. *Rodgers,* at 461 U.S. 709, 103 S.Ct. 2151. There are no such third party issues presented in this case. Reassignment of the case would

not serve any purpose of judicial economy because there is no "non-liable separate interest" for the court to consider with regard to the specific property that is the subject of this action. *See, Rodgers,* at 461 U.S. 710, 103 S.Ct. 2151. Rather, reassignment would unnecessarily interfere with the court's own docket control procedures.

2. The State submits that the movants should not be allowed to pick the judge to hear this case rather than be governed by the court's docket control procedures. A judge's duty not to step aside, when no valid reasons exist, is just as strong as his duty to step aside where the facts call for such action. *E.g., Carpenter v. Hall,* 352 F.Supp. 806, 814 (S.D., Tx. 1972) (Motion to Reassign denied where no conflict actually existed between court's responsibilities as plenary judge and court's responsibilities as reorganization judge where reorganization was substantially consummated, and where there was no claim of actual bias.)

## Conclusion

There is no valid reason for the court to reassign the case because there are no circumstances present that would invoke the court's equitable powers to deny or defer the foreclosure requested by the government, and therefore there is no need to transfer the case to Judge Tagle because of her familiarity with the facts of another case in which such circumstances were asserted.

WHEREFORE the State of Texas requests that the Court deny the Motion of Kathryn Louise Herold, Peggy L. Horn, Ruby Wells and Doris Jean Shannon to Reassign Case.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

RONALD R. DEL VENTO
Chief, Bankruptcy & Collections Division

_____
DAVID RANDELL
Assistant Attorney General
Attorney in Charge
State Bar No. 16532400
Federal Bar No. 1638
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Telecopier: (512) 482-8341

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

      I, David Randell, Assistant Attorney General of the State of Texas, do hereby certify that a true copy of the foregoing Response of State of Texas to Motion of Kathryn Louise Herold, Peggy L. Horn, Ruby Wells and Doris Jean Shannon to Reassign Case has been mailed, certified, return receipt requested, and transmitted by facsimile to the telephone numbers below, on this the 24th day of July, 2002 to the following:

| | |
|---|---|
| Andrew L. Sobotka<br>U.S. Department of Justice - Tax Division<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201 | BY FACSIMILE: (214) 880-9774 |
| Larry Sherlock<br>Chamberlain, Hrdlicka, White, Williams & Martin, P.C.<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002 | BY FACSIMILE: (713) 658-2553 |
| Kent Rider<br>Linebarger Goggan Blair Peña & Sampson, LLP<br>P.O. Box 17428<br>Austin, Texas 78760 | BY FACSIMILE: (512) 443-3494 |

_____
DAVID RANDELL

G:\COL\DATA\COLLECT\DFR\Pleadings\Estate of schwarz.2ND.SUIT.response.wpd

-4-