IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | CIVIL NO. B-02-015 |
| GRADY F. HEROLD, SR., et al., | § | |
| Defendants | § | |

### Joint Discovery and Case Management Plan

By and through their respective attorneys of record, the parties–the United States of America ("United States"), Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon ("the Estate"), Cameron County, Texas; Cameron County Emergency Services District; Cameron County Drainage District #1; Southmost Union Jr. College District; South Texas Independent School District; San Benito Independent School District; Port of Harlingen; Harlingen Consolidated Independent School District; Brownsville Independent School District; Brownsville Navigation District; and the City of Brownsville ("Cameron Tax Entities"); Hildago County, Texas; South Texas Independent School District; Hildago County Drainage District # 1; Hildago County Fire District # 2; City of Mercedes, Texas; Mercedes Independent School District; Mercedes Water District # 9; and South Texas Community College ("Hidalgo Tax Entities"); Chambers County, Texas; Chambers County Trinity Bay Conservation District; Anahuac Independent School District; Chambers Liberty Counties - Navigation District; and Chambers County Hospital District [Bayside Community Hospital]("Chamber Tax Entities"); Zapata County, Texas; and Zapata Independent School District ("Zapata Tax Entities"), (collectively "the Local Property Tax Authorities"); and the State of Texas ("the State")–submit the following Joint Discovery and Case Management Plan.

1

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Meetings held by telephone on August 7-8, 2002, with counsel for all parties.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    <u>United States v. Grady F. Herold, Sr., et al.</u>, Civil No. B-01-053 (S.D. Tx. 2002)

3. Specify the allegation of federal jurisdiction.

    This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7403 and 7404.

4. Name the parties who disagree and the reasons.

    None

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    At the present time, the parties do not anticipate that any additional parties will necessary with respect to the current actions seeking foreclosure of liens against the Estate's various properties. However, other persons would have to be added if it is learned that they have an interest in that property.

    The United States anticipates being able to determine whether it will amend its Complaint by October 1, 2002.

6. List anticipated interventions.

    None at this time.

7. Describe class-action issues.

    There are no class action issues.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties anticipate making their initial disclosures by August 28, 2002.

2

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters in Rule 26(f).

        1. 26(f)(1) - changes to timing, form, or requirement for disclosures under Rule 26(a):

            No changes requested.

        2. 26(f)(2) - the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

            The parties may conduct discovery on any subject which is within the limits imposed by the Federal Rules of Civil Procedure. The United States anticipates discovery to determine whether other persons have any interest in the subject properties, and the nature and extent of that interest.

            The parties agree to complete discovery by January 31, 2003.

            Discovery need not be conducted in phases, limited, or focused to particular issues, provided that it is within the limits imposed by the Federal Rules of Civil Procedure.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

        The United States anticipates that it may send interrogatories to the Estate by September 30, 2002.

    C. When and to whom the defendants anticipate they may send interrogatories.

        Defendants anticipate that they may send interrogatories by October 31, 2002.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

        The United States: None at this time, however, should the need arise, we may depose several persons, including but not limited to the following:
            Grady F. Herold.
            One or more of the Heirs.
            Cullen Looney
            Billy Joe Day
            Any real estate agents or brokers retained by the Estate.
            Any persons who appraised the property and any appraisers hired by the Estate or the United States.

      Any persons from whom the Estate received offers or inquiries to purchase any property owned or held by the Estate.
      Any experts designated by any party.

  E.  Of whom and by when the defendants anticipate taking oral depositions.

      At the present time, the other defendants do not anticipate the need for depositions.

  F.  When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

      Presently, the United States, the State, and Local Property Tax Authorities (collectively, "the Lien Creditors") do not believe that the presentation of their actions for foreclosure of liens and deeds of trust should require any expert witnesses. In this regard, the Lien Creditors do not believe that the testimony of one of their clients' employees concerning the balance of their respective claims against the property constitutes expert testimony. However, to the extent that any other party disagrees, the Lien Creditors reserve the right to designate one or more of their clients' employees as experts and provide a report within 30 days of being notified that such testimony would be considered expert testimony.

  G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and the anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

      The United States will take the deposition of any experts designated by any other party, and of any person who has appraised the property. The United States will complete those depositions by January 20, 2003

  H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

      The defendants may depose any experts designated by the United States or any other party, and will complete those depositions by January 31, 2003.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    None at this time.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None, but see response to #13.

12. State the date the planned discovery can reasonably be completed.

    The parties agree that all discovery can be completed by January 31, 2003.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The United States and the State of Texas anticipate filing motions for summary judgment based upon stipulations and the judgment in the previous case. See #14.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    On June 24, 2002, the parties tried <u>United States v. Grady F. Herold, Sr., et al.</u>, Civil No. B-01-053, U.S. District Court, Southern District of Texas, Brownsville Division. On July 25, 2002, judgment was entered that incorporated the parties' stipulations as to the amounts of the Estate's tax liabilities, the validity of the liens of the Lien Creditors, and the relative priority of several of the parties to distribution of sale proceeds.

    The United States and the Estate entered into a Joint Stipulation of Settled Issues that is filed in this case. The State of Texas and the Estate have entered into a similar stipulation filed in the previous case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    The parties do not believe that alternative dispute resolution techniques would be suitable for this case.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not consent to trial before a magistrate judge.

17. State whether a jury demand has been made and if was made was it made on time.

    None.

5

18. Specify the number of hours it will take to present the evidence in this case.

> 2-4 hours may be needed to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

> Motion of Defendants Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon to Reassign Case

20. List other pending motions.

> None at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

> None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

_/s/ Manuel P. Lena Jr._
Andrew L. Sobotka
Texas Bar No. 18819900
Manuel P. Lena Jr.
Texas Bar No. 12201255
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736 / (214) 880-9750
(214) 880-9741 (fax)
> Attorneys for United States

_/s/ Larry Sherlock / by permission (MPL)_
Larry Sherlock
State Bar No. 18240720
Southern Dist. No. 7454
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-1818
(713) 658-2553 (fax)
> Attorneys for Grady F. Herold, Sr., Kathryn Louise Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon

6

_____/s/ By Permission (MR)
Kent M. Rider
State Bar No. 16896000
Southern Dist. No. 13883
Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-3494 (fax)
    Attorney for Local Property Tax Authorities [except Anahuac I.S.D.]


_____/s/ By Permission (MR)
Yolanda Humphrey
Texas Bar No. 24009764
Fed. ID. No. 7463
Perdue, Brandon, Fielder, Collins & Mort
1235 North Loop West, Suite 600
Houston, Texas 77008
713/862-1860 [1429 fax]
    Counsel for Anahuac I.S.D.


_____/s/ By Permission (MR)
David Randell
State Bar No. 16532400
Southern Dist. No. 1638
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2173
(512) 482-8341(fax)
    Attorney for State of Texas

*signature: Kent M. Rider*

Kent M. Rider
State Bar No. 16896000
Southern Dist. No. 13883
Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-3494 (fax)
    Attorney for Local Property Tax Authorities [except Anahuac I.S.D.]


Yolanda Humphrey
Texas Bar No. 24009764
Fed. ID. No. 7463
Perdue, Brandon, Fielder, Collins & Mort
1235 North Loop West, Suite 600
Houston, Texas 77008
713/862-1860 [1429 fax]
    Counsel for Anahuac I.S.D.


David Randell
State Bar No. 16532400
Southern Dist. No. 1638
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2173
(512) 482-8341(fax)
    Attorney for State of Texas

Kent M. Rider
State Bar No. 16896000
Southern Dist. No. 13883
Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-3494 (fax)
    Attorney for Local Property Tax Authorities [except Anahuac I.S.D.]

*/s/ Yolanda Humphrey*
Yolanda Humphrey
Texas Bar No. 24009764
Fed. ID. No. 7463
Perdue, Brandon, Fielder, Collins & Mott
1235 North Loop West, Suite 600
Houston, Texas 77008
713/862-1860 [1429 fax]
    Counsel for Anahuac I.S.D.

David Randell
State Bar No. 16532400
Southern Dist. No. 1638
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2173
(512) 482-8341 (fax)
    Attorney for State of Texas

7

Kent M. Rider
State Bar No. 16896000
Southern Dist. No. 13883
Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675
(512) 443-3494 (fax)
    Attorney for Local Property Tax Authorities [except Anahuac I.S.D.]


Yolanda Humphrey
Texas Bar No. 24009764
Fed. ID. No. 7463
Perdue, Brandon, Fielder, Collins & Mott
1235 North Loop West, Suite 600
Houston, Texas 77008
713/862-1860 [1429 fax]
    Counsel for Anahuac I.S.D.

David Randell
State Bar No. 16532400
Southern Dist. No. 1638
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2173
(512) 482-8341(fax)
    Attorney for State of Texas

## Certificate of Service

IT IS HEREBY CERTIFIED that service of the foregoing document has been made on August 8, 2002, by mailing a copy thereof to:

Larry Sherlock
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
    Counsel for the Estate and Heirs

David Randell
Asst. Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, Texas 78711-2548
    Counsel for the State of Texas

Yolanda Humphrey
Perdue, Brandon, Fielder, Collins & Mort
1235 North Loop West, Suite 600
Houston, Texas 77008
    Counsel for Anahuac ISD

Kent Rider
Linebarger Heard
P.O. Box 17428
Austin, Texas 78760
    Counsel for all other Ad Valorem Property Tax Authorities

                                              Manuel P. Lena Jr.