IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>GRADY F. HEROLD, SR., Individually and in his capacity as Independent Executor of the Estate of Lillian A. Schwarz (deceased); KATHRYN LOUISE HEROLD; PEGGY L. HORN (a/k/a Peggy L. Horn Birch); RUBY L. WELLS; DORIS JEAN SHANNON; CAMERON COUNTY, TEXAS; CAMERON COUNTY EMERGENCY SERVICES; CAMERON COUNTY DRAINAGE DISTRICT #1; SOUTHMOST UNION JR. COLLEGE DISTRICT; SOUTH TEXAS I.S.D.; SAN BENITO I.S.D.; HARLINGEN CONSOLIDATED I.S.D.; BROWNSVILLE I.S.D.; BROWNSVILLE NAVIGATION DISTRICT; CITY OF BROWNSVILLE, TEXAS; HIDALGO COUNTY, TEXAS; HIDALGO COUNTY DRAINAGE DISTRICT #1; HIDALGO COUNTY FIRE DISTRICT #2; CITY OF MERCEDES, TEXAS; MERCEDES TEXAS I.S.D.; MERCEDES WATER DISTRICT #9; SOUTH TEXAS COMMUNITY COLLEGE; CHAMBERS COUNTY, TEXAS; CHAMBERS COUNTY, TEXAS; TRINITY BARUY CONSERVATION DISTRICT; ANAHUAC I.S.D.; CHAMBERS LIBERTY COUNTIES NAVIGATION DISTRICT; CHAMBERS COUNTY HOSPITAL DISTRICT (a/k/a Bayside Community Hospital); ZAPATA COUNTY, TEXAS; ZAPATA INDEPENDENT SCHOOL DISTRICT; and THE STATE OF TEXAS, DISTRICT; STATE OF TEXAS; AND LEGENDARY, INC.<br>Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | United States District Court<br>Southern District of Texas<br>FILED<br><br>SEP 0 3 2002<br><br>Michael N. Milby<br>Clerk of Court<br><br><br><br><br><br><br><br>CIVIL NO. B-02-015 |

INITIAL DISCLOSURES OF THE STATE OF TEXAS
<u>PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

NOW COMES, THE STATE OF TEXAS, (hereinafter "State") a Defendant in the above

-1-

captioned cause, and makes the following initial disclosures pursuant to FED.R.CIV.P. 26(a)(1)(A), (B), (C), and (D).

>Respectfully submitted,
>
>JOHN CORNYN
>Attorney General of Texas
>
>HOWARD G. BALDWIN, JR.
>First Assistant Attorney General
>
>JEFFREY S. BOYD
>Deputy Attorney General for Litigation
>
>RONALD R. DEL VENTO
>Chief, Bankruptcy & Collections Division
>
>_____
>DAVID RANDELL
>Assistant Attorney General
>Attorney in Charge
>State Bar No. 16532400
>Federal Bar No. 1638
>Bankruptcy & Collections Division
>P. O. Box 12548
>Austin, Texas 78711-2548
>Telephone: (512) 463-2173
>Telecopier: (512) 482-8341
>ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I, David Randell, Assistant Attorney General of the State of Texas, do hereby certify that a true copy of the foregoing Initial Disclosure of the State of Texas has been mailed, certified, return receipt requested, on this the 28th day of August, 2002 to the following:

Manuel P. Lena, Jr.
Andrew Sobotka
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9741 (fax)

-3-

Larry Sherlock
Chamberlain Hrdlicka White
William & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston, Texas 77002-4401
(713) 658-2553 (fax)

Kent M. Rider
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 443-3494 (fax)

Yolanda Humphrey
Perdue, Brandon, Fielder, Collins & Mort
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1429 (fax)

_____
DAVID RANDELL

G:\COL\DATA\COLLECT\DFR\Pleadings\Estate of Schwarz\est of schwarz.disclosure (2nd case).wpd

## STATE OF TEXAS' INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

Rule 26(a)(1)(A):   The name and, if know, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

ANSWER:   The following persons are likely to have discoverable information concerning the delinquent inheritance tax claim of the State:

Richard Craig, Office of General Counsel, Texas Comptroller of Public Accounts, 111 East 17th Street, Austin, Texas 78774.

Will Price, Revenue Accounting, Texas Comptroller of Public Accounts, 111 East 17th Street, Austin, Texas 78774.

Rule 26(a)(1)(B):   A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

ANSWER:   The documents upon which the State supports its claim consist of the judgment in Case No. B-01-053, *United States of America vs. Grady F. Herald, Sr., et al.*, United States District Court for the Southern District of Texas, Brownsville Division; Comptroller's Certificate of Inheritance Tax Delinquency; Comptroller's Inheritance Tax Payment Worksheet; Notice of State Tax Lien filed on or about August 11, 1986 at Volume 82, Page 378 of the Deeds Records of Cameron County; Notice of State Tax Lien filed on or about August 11, 1986 at Volume 341, Page 642 of the Deed Records of Zapata County; Notice of State Tax Lien filed on or about August 11, 1986 at Volume 3, Page 511 of the Deed Records of Chambers County; Notice of State Tax Lien filed on or about August 14, 1986 at Volume 2237, Page 35 of the Deeds Records of Hidalgo County.

<u>Rule 26(a)(1)(C)</u>:    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents of other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

<u>ANSWER</u>:    The State has not made a claim for damages in this case. The Comptroller's Certificate of Delinquency and the Comptroller's Inheritance Tax Payment Worksheet show the amount of delinquent inheritance tax, penalties and interest due the State.

<u>Rule 26(a)(1)(D)</u>:    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

<u>ANSWER</u>:    There are no insurance policies applicable to this case.