C022318638/DFR/rao/TP#24588408773/lien cases

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL NO. B-02-CV-15 |
| § | |
| GRADY F. HEROLD, SR., Individually § | |
| and in his capacity as Independent Executor § | |
| of the Estate of Lillian A. Schwarz (Deceased), § | |
| et al. § | |

## STATE OF TEXAS'S MOTION FOR
## SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*[signature]*

DAVID RANDELL
Assistant Attorney General
State Bar Number 16532400
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4882
Telecopier: (512) 482-8341
ATTORNEYS FOR CROSS-CLAIMANT

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL NO. B-02-CV-15 | |
| § | | |
| GRADY F. HEROLD, SR., Individually § | | |
| and in his capacity as Independent Executor § | | |
| of the Estate of Lillian A. Schwarz (Deceased), § | | |
| et al. § | | |

**STATE OF TEXAS'S MOTION FOR
<u>SUMMARY JUDGMENT AND BRIEF IN SUPPORT</u>**

The State of Texas (hereinafter "State"), Cross-Claimant, in the above-styled cause of action moves for summary judgment under Fed. R. Civ. P. 56 to foreclose on State tax liens against properties belonging to the Estate of Lillian Schwarz in partial satisfaction of the Estate's State inheritance tax debt. In support thereof, the State submits the following facts and evidence demonstrating that there is no genuine issue of material fact, and that the State is entitled to judgment as a matter of law.

**I. Issues Presented**

1. Whether the State is entitled to foreclosure of its State tax liens against five tracts of land and certain mineral interests owned solely by the Estate of Lillian Schwarz?

2. Whether the State is entitled under Tex. Tax Code to sell these Properties at public auction in order to partially satisfy the Estate's state inheritance tax liabilities?

**II. Summary of Argument**

In this action the State seeks to foreclose on its State tax liens against five tracts of land and certain mineral interests owned by the Estate of Lillian Schwarz in order to satisfy the State inheritance tax liability assessed against the Estate. The amount of debt has been fully adjudicated in a related case decided by this Court.

### III. Statement of Material Facts

The State relies on the following undisputed facts and evidence.

1. Lillian Schwarz died on August 24, 1985. At the time of her death she owned the assets against which the State now seeks foreclosure. The assets at issue, hereinafter referred to collectively as "the Properties" are as follows:
   A. Approximately 82 acres located in Cameron County, Texas;
   B. Approximately 7.8 acres located in Cameron County, Texas;
   C. Approximately 59.55 acres located in Hidalgo County, Texas;
   D. Approximately 239.70 acres located in Hidalgo County, Texas;
   E. Approximately 41.68 acres located in Chambers County, Texas; and
   F. Certain mineral interests located in Zapata County, Texas.

2. Cross-Defendant, Grady Herold, Sr., was appointed independent executor for the Estate and holds record title to the Properties. Cross-Defendants, Kathryn Louis Herold, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon (hereinafter "the Heirs") are heirs in Ms. Schwarz's will and by operation of law on her death obtain an equitable interest in the Properties.

*The State Inheritance Tax Liabilities and Liens*

3. The State inheritance tax owed by the Estate was due on May 24, 1986.

4. When no payment was forthcoming by the Estate and Pursuant to TEX. TAX CODE ANN. § 113.001 - .006, the State perfected the following tax liens upon the above-referenced Properties to secure the payment of all State inheritance taxes, penalties and interest owed by the Estate:
   A. Lien to secure State inheritance tax liability filed on or about August 11, 1986 at Volume 82, Page 378 of the Deed Records of Cameron County, Texas; *(See Stipulation of Settled Issues - Exhibit 1)*
   B. Lien to secure State inheritance tax liability filed on or about August 11, 1986 at Volume 341, Page 642 of the Deed Records of Zapata County, Texas; *(See Stipulation of Settled Issues - Exhibit 1);*

C. Lien to secure State inheritance tax liability filed on or about August 11, 1986 at Volume 3, Page 511 of the Deed Records of Chambers County, Texas; (*See* Stipulation of Settled Issues - Exhibit 1); and

D. Lien to secure State inheritance tax liability filed on or about August 14, 1986 at Volume 2237, Page 35 of the Deed Records of Hidalgo County, Texas (*See* Stipulation of Settled Issues - Exhibit 1).

5. On July 25, 2002, the State recovered judgment in a related case, *United States of American v. Grady F. Herold Sr., et al.,* Civil No. B-01-053, U.S. District Court, Southern District of Texas, Brownsville Division, for the inheritance tax liability secured by the above-referenced liens. Said judgment incorporated a Stipulation of Settled Issues filed in that case which fixed the total amount of state inheritance tax, penalties and interest at $763,175.28 as of April 1, 2002, with additional interest accruing at $99.16 per day, subject to a concomitant reduction for a Section 2053 deduction of 50% of all federal interest accruing on the Estate's stipulated federal tax liability after December 31, 2001. Said Stipulation of Settled Issues is attached hereto as Exhibit 1 and incorporated by reference.

### IV. Legal Authority and the State's Argument for Foreclosure

Pursuant to the Texas Tax Code, the State of Texas has a state tax lien upon the properties of the estate described in Exhibits 1 - 6 to the United States of America's *Original Complaint*, incorporated herein by reference, securing the payment of all state inheritance taxes, penalties and interest owed by the estate. *See* TEX. TAX CODE § 113.001, et seq. (Vernon 2002). The State filed tax liens to secure the inheritance tax liability on or about August 11, 1986 at Volume 82, Page 378 of the Deeds Records of Cameron County, at Volume 341, Page 642 of the Deed Records of Zapata County, and at Volume 3, Page 511 of the Deed Records of Chambers County. Similarly, the State filed a tax lien to secure the inheritance tax liability on or about August 14, 1986 at Volume 2237, Page 35 of the Deeds Records of Hidalgo County. The state inheritance tax lien attached to the estate's property in the above-referenced counties when the lien notices were filed. *See* TEX. TAX CODE § 113.001 (b) (Vernon 2002).

On July 25, 2002, the state recovered judgment in a related case, *United States of America v. Grady F. Herold, Sr., et al.,* Civil No. B.-01-053, U.S. District Court, Southern District of Texas,

Brownsville Division, for the inheritance tax liability secured by the above-described lien. Said judgment incorporated a Stipulation of Settled Issues filed in that case which fixed the total amount of state inheritance tax, penalties and interest at $763,175.28 as of April 1, 2002, with additional interest at $99.16 per day, subject to a concomitant reduction for a Section 2053 deduction for 50% of all federal interest accruing on the estate's stipulated federal estate tax liability after December 31, 2001.

This court is authorized to order a judicial sale of the property to satisfy the tax indebtedness of the defendants. *See* 26 U.S.C.§ 7403. This provision states that the federal district court "shall...finally determine the merits of all claims to and liens upon the property, and ... may decree a sale of such property...." *See* 26 U.S.C.§ 7403 (c). Further, the Texas Tax Code provides that "In an action to determine the validity of a *state* tax lien, the lien *shall* be (1) perpetuated and foreclosed; or (2) nullified." TEX. TAX CODE § 113.106 (Vernon 2002). The state seeks to enforce its tax lien against the interests of the estate and the heirs in the property through the foreclosure and sale of the property and requests payment, in full, from the proceeds of the sale for the delinquent State inheritance tax.

## V. Conclusion

There are no factual issues that preclude the granting of a summary judgment in this matter. The liability of the Estate, the validity and priority of the parties' claims and the amounts of the tax liens is undisputed. The State of Texas is entitled to foreclosure of its liens against the property of the Estate via an order of sale authorizing the United States' Marshals Service to sell the properties by public auction under 28 U.S.C. § 2001 (a).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs now move the Court for Summary Judgment and that judgment be entered herein in favor of Plaintiffs against the Defendants, as prayed for by Plaintiffs in this case, for an order of sale authorizing the United States' Marshals Service to sell the properties by public auction under 28 U.S.C. § 2001 (a), and for such other and further relief, both general and special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

_____
DAVID RANDELL
Assistant Attorney General
Attorney in Charge
Bar Card Number 09638065
Federal bar No. 1638
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas  78711-2548
(512)  463-2173
(512)  482-8341 (Fax)

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I, David Randell, Assistant Attorney General of the State of Texas, do hereby certify that a true copy of the foregoing State of Texas' Cross-Claim has been mailed, certified, return receipt requested, and transmitted by facsimile to the telephone numbers below, on this the 8th day of January, 2003, to the following:

| | |
|---|---|
| Manuel P. Lena<br>U.S. Department of Justice - Tax Division<br>717 N. Harwood, Suite 400<br>Dallas, Texas 75201 | BY FACSIMILE: (214) 880-9774 |
| Larry Sherlock<br>Chamberlain, Hrdlicka, White, Williams & Martin, P.C.<br>1200 Smith Street, Suite 1400 | BY FACSIMILE: (713) 658-2553 |

Motion for Summary Judgment                5

Houston, Texas 77002

Kent Rider  
Linebarger Goggan Blair Peña & Sampson, LLP  
P.O. Box 17428  
Austin, Texas 78760

BY FACSIMILE: (512) 443-3494

Yolanda Humphrey  
Perdue, Brandon, Fielder, Collins & Mort  
1235 North Loop West, Suite 600  
Houston, Texas 77008

BY FACSIMILE: (713) 862-1429

_____  
DAVID RANDELL

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| Plaintiff § | | |
| v. § | | |
| § | | |
| GRADY F. HEROLD, SR., Individually and § | | |
| in his capacity as Independent Executor of the § | | |
| Estate of Lillian A. Schwarz (deceased); § | | |
| KATHRYN LOUISE HEROLD; RUBY L. § | | |
| WELLS; DORIS JEAN SHANNON; § | CIVIL NO. B-01-053 | |
| CAMERON COUNTY, TEXAS; LAGUNA § | | |
| MADRE WATER DISTRICT; CAMERON § | | |
| COUNTY EMERGENCY SERVICES; § | | |
| SOUTHMOST UNION JR. COLLEGE § | | |
| DISTRICT; POINT ISABEL I.S.D.; TOWN § | | |
| OF SOUTH PADRE ISLAND; SOUTH § | | |
| TEXAS I.S.D.; CAMERON COUNTY § | | |
| APPRAISAL DISTRICT; STATE OF § | | |
| TEXAS; AND LEGENDARY, INC. § | | |
| Defendants § | | |

## STIPULATION OF SETTLED ISSUES
### BETWEEN STATE OF TEXAS AND THE ESTATE OF LILLIAN A. SCHWARZ

Defendant, the State of Texas (hereinafter "the State") through its attorney, the Office of the Attorney General of the State of Texas, and Defendants, Grady F. Herald, Sr., as Executor of the Estate of Lillian A. Schwarz (hereinafter "the Estate"), Kathryn Louise Herald, Peggy L. Horn, Ruby L. Wells and Doris Jean Shannon (hereinafter "the Heirs") through their undersigned attorney, file this stipulation of settled issues with the court. The State and the Estate have agreed to the following stipulations:

(A)  Lillian A. Schwarz died August 24, 1985.

(B)  The state inheritance tax owed by the Estate was due May 24, 1986.

(C)  The State filed tax liens to secure the inheritance tax liability on or about

-1-

August 11, 1986 at Volume 82, Page 378 of the Deeds Records of Cameron County, at Volume 341, Page 642 of the Deed Records of Zapata County, and at Volume 3, Page 511 of the Deed Records of Chambers County. The State filed a tax lien to secure the inheritance tax liability on or about August 14, 1986 at Volume 2237, Page 35 of the Deeds Records of Hidalgo County. The state inheritance tax lien attached to the Estate's property in the above-referenced counties when the lien notices were filed.

(D) The unpaid inheritance tax owed by the Estate is $301,617.01.

(E) The unpaid penalty on the delinquent inheritance tax owed by the Estate is $30,161.70.

(F) The unpaid interest on the delinquent inheritance tax owed by the Estate is $431,396.57 as of April 1, 2002, with additional interest accruing at $99.16 per day.

(G) The Estate and Heirs agree not to claim any further deductions under I.R.C. §2053 against the liability stipulated to in Paragraphs D - F above, except that the Estate will be entitled to a §2053 deduction for 50% of all federal interest accruing on the stipulated federal estate tax liability after December 31, 2001, which if claimed will result in a concomitant reduction of the inheritance tax liability in Paragraphs D - F.

(H) The Estate and Heirs agree to waive any and all rights the Estate may have to file or prosecute any claims against the State for a refund of any inheritance taxes, including penalties and interest thereon which arise out of the Estate of

-2-

Lillian A. Schwarz.

(I) The Estate and Heirs agree that the statute of limitations for collection of the state inheritance tax was open at the time the State's Cross-Claim against the Estate was filed and served, and at the time the State's Cross Claim in *United States v. Grady F. Herold, Sr.*, Case No. 02-015 in Brownsville, Texas was filed and served.

(J) The Estate and Heirs agree that the State has valid state inheritance tax liens in the amount of the Stipulated Liability against all of the real property of the Estate.

_____
Linda Paine
State Bar No. 15414000
Southern Dist. No. 6379
Larry Sherlock
State Bar No. 18240720
Southern Dist. No. 7454
Chamberlain, Hrdlicka, White,
Williams & Martin
1200 Smith Street, Suite 1400
Houston, TX 77002-4401
(713) 658-1818
(713) 658-2553 (fax)

Attorneys for Grady F. Herold, Sr.,
Kathryn Louise Herold, Peggy L. Horn,
Ruby L. Wells and Doris Jean Shannon

_____
David Randell
Assistant Attorney General
Attorney in Charge
State Bar No. 16532400
Federal Bar No. 1638
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Telecopier: (512) 482-8341

Attorneys for the State of Texas

## CERTIFICATE OF SERVICE

I, David Randell, Assistant Attorney General of the State of Texas, do hereby certify that a true copy of the foregoing Stipulation of Settled Issues has been mailed, certified, return receipt requested, on this the 21ST day of MAY_____, 2002 to the following:

Manuel P. Lena, Jr.
Andrew Sobotka
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

Larry Sherlock
Chamberlain Hrdlicka White
William & Martin, A P.P.C.
1200 Smith Street, Ste. 1400
Houston, Texas 77002-4401

Kent M. Rider
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 17428
Austin, Texas 78760

David C. Garza
Garza & Garza, L.L.P.
P.O. Box 2025
Brownsville, Texas 78522

_____
DAVID RANDELL

G:\COL\DATA\COLLECT\DFR\Trial\estate of schwarz.stipulated.issues.2wpd.wpd

-4-