74

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. B-02-015 |
| GRADY F. HEROLD, SR., et al | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
STATE OF TEXAS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, Grady F. Herold, Sr., independent executor of the estate of Lillian A. Schwarz, Kathryn L. Herold, Peggy L. Horn, Ruby L. Wells, and Doris Jean Shannon, hereby file their response in opposition to the motion for summary judgment filed by the State of Texas. As grounds for their opposition, the Defendants would show:

1.      The only issue remaining in this case is whether the tax lien holders, including the United States, the State of Texas and the ad valorem taxing jurisdictions, may immediately foreclose their liens on the properties that are the subject of this case.

2.      The statute that forms the basis of jurisdiction in this case grants the Court discretion as to whether and when to order a foreclosure sale.

3.      Exercise of that discretion must weigh all relevant factors.

4.      The availability of another source of payment for the tax liabilities underlying the liens is a relevant factor.

1

5.      The potential sale of the Estate's South Padre Island property is an alternative source for payment, but the work to determine whether that sale will be consummated is still ongoing.

6.      Because all facts that must be weighed in exercising the Court's discretion are not yet before the Court, summary judgment is precluded.

This is an action by the United States to foreclose federal tax liens against property owned by the Estate of Lillian Schwarz. The State of Texas, a named defendant, has filed a cross claim against the Estate to foreclose its inheritance tax lien. In this case and its companion, *United States v. Herold*, Civil No. B-01-053 ("the first case"), the United States' initial position was that the Court should order foreclosure of the Estate's properties without first making any determination of the Estate's liability for tax and interest. After the Estate challenged this position in pre-trial proceedings in the first case (see, Joint Discovery/Case Management Plan, PACER Document No. 32, page 2), the United States conducted discovery on the amount of the liability. This in turn led to a stipulation between the Estate and the United States, filed in both cases, agreeing to the amount of the federal estate tax. A similar stipulation was signed by the Estate and the State of Texas with respect to the inheritance tax. The stipulated amounts, $2,763,920 and $763,175 as of December 31, 2001, are significantly less than the amounts alleged in the original pleadings.

Despite stipulating to the liability amounts in the first case, the parties could not reach agreement on the lien holders' right to foreclose the liens on the South Padre Island property that was the subject of the first case. Accordingly, that issue was tried to the Court in June, 2002. After trial, the Court held that the South Padre Island property was subject to foreclosure, but foreclosure would not take place until Legendary, Inc. had an opportunity to purchase the property pursuant to its pending contract. Legendary was given until June 25, 2003 to do so.

In this second case, the tax lien holders seek to foreclose their liens on other properties owned by the Estate ("the secondary properties"). Because of the proceedings in the first case, including the stipulations and the judgment, there is no issue in the second case about the Estate's liability for the taxes and interest. Thus, the statement of material facts contained in the State's Motion for Summary Judgment is not contested because the listed facts deal only with the amount of the liability and the priority of the various claimants to the properties. But the lack of an issue as to liability does not lead automatically to a grant of summary judgment on the State's cross claim. Just as in the first case, where before trial the parties agreed on the amount of the liability, the contested issue is the lien holders' demand for immediate foreclosure.

Internal Revenue Code Section 7403(c), upon which jurisdiction in this case is based, provides that, in a lien case, after a court has adjudicated all claims to the subject property, it may decree a sale of the property. This language grants the Court some discretion in determining whether to order a sale. Yet, the lien holders have ignored the most important facts and circumstances surrounding this case that should enter into the Court's exercise of that discretion, namely, the disposition of the South Padre Island property. There are important facts surrounding the pending sale of the South Padre Island property that directly affect the advisability of subjecting the secondary properties to sale, and the existence of those facts preclude a grant of summary judgment.

Last June, the United States and the State of Texas sought immediate appointment of a receiver to sell the South Padre Island property. The Court, after hearing testimony about Legendary's intent to seek permits for development of the property, delayed the receiver's appointment until June 2003 to give Legendary an opportunity to follow through on its intent. Legendary did so immediately. The affidavit of Richard Labunski, attached hereto as Exhibit A,

details some of the steps taken by Legendary to obtain the approvals necessary for the contemplated development. Mr. Labunski, a professional architect, has already developed several master land use plans to maximize the development of the property. He also developed a dune mitigation plan and has coordinated the development of land surveys and engineering calculations to support the proposed mitigation plan. Perhaps most importantly, he put together and submitted to the Town of South Padre Island an application for a Beach and Dune Construction Permit at the beginning of December 2002. The narrative portion of that application, which details even more about the work that has been done, is attached to his affidavit. Based on his work, Mr. Labunski expects favorable recommendations for the application from the Town of South Padre Island Beach and Dune Task Force at its meeting on January 13, 2003, and from the Town of South Padre Island Commissioners at their meeting on January 22, 2003. Mr. Labunski's work, and the results therefrom, are the necessary prerequisites to Legendary's deciding whether to purchase the South Padre Island property. The process is still ongoing, but at present the outlook is favorable for the property to be sold and the tax liabilities to be paid. Critically, however, not all the facts are in yet. There is still work to be done, and there are still permits to be granted.

Undoubtedly, all this information about the South Padre Island property is important to the post-judgment proceedings in the first case. But, the information is just as important to the proceedings in this case. The Court has discretion as to whether and when the secondary properties should be subject to sale; and an important factor in exercising that discretion is whether the tax liability can be satisfied from another source. For instance, in *United States v. Brynes*, 848 F. Supp. 1096 (D.R.I. 1994), the court discussed and weighed the factors that are pertinent to ordering foreclosure of a property. Although the court concluded that those factors

4

did not permit the court to refuse foreclosure, the court did exercise its discretion for the limited purpose of deferring any foreclosure sale until several months after its decision. (*Id.* at 1100). The court justified the delay on the grounds that it would provide an opportunity for the property to be re-financed and the tax liability paid off without sale. The court supported its decision by citing *United States v. Young*, 1992 U.S. Dist. LEXIS 7908 (N.D. Cal. 1992) where the court stated that forced sale of the property should not be ordered without first allowing the property owner an opportunity to satisfy the tax obligation by "some less draconian means." Thus, there can be no doubt that the Court's discretion under Section 7403(c) includes the authority to base a foreclosure decision on the availability of other sources to satisfy the underlying tax liability. [1]

This case certainly calls for the exercise of such discretion. Legendary's work is still ongoing, but has a definite date on or before which all parties will know whether the South Padre Island property will be sold. That date is not far away. Indeed, the scheduled trial date for this case is July 2, 2003, which is soon after Legendary's deadline. Despite the lien holders' cries of prejudice at having to wait another six months, the evidence to back up any such prejudice falls short. The secondary properties have been valued at less than $800,000 in total. Even if the lien holders could realize full value in a foreclosure sale, this amount is a far cry from satisfying any of the tax liabilities. Concern about Legendary's prior lien on the South Padre Island property has no relevance to any possible prejudice with respect to the secondary properties. Whether the

---

[1]  The State may assert that these cases are relevant only to a third party owner of the subject property who is not liable for the underlying taxes. Defendants disagree with that assertion. Nonetheless, assuming *arguendo* that the assertion is correct, the four heirs of Lillian Schwarz are in just such a position. Although their rights in the Estate are clearly inferior to the tax liens, they have equitable interests in the secondary properties (which will be preserved if Legendary purchases the South Padre Island property) and are not personally liable for any of the tax liabilities. Thus, they can claim entitlement to the same "opportunities" that were afforded to the non taxpayers in *United States v. Brynes and United States v. Young*.

secondary properties are sold now or a year from now will not affect the amount going to Legendary from the South Padre Island property. That property will yield the same sale proceeds regardless of when the secondary properties are sold. Moreover, the State in particular cannot possibly be prejudiced by a later foreclosure of the secondary properties. Because the federal tax lien is far in excess of the value of the secondary properties, all proceeds of an immediate sale would go to the United States; the State of Texas will, in all events, have to wait until the South Padre Island property is sold to satisfy its lien.

In sum, the claim for immediate foreclosure of the secondary properties can only be determined by the Court's exercise of its discretion and a weighing of all equitable factors. The work being done by Legendary on the South Padre Island property is an important factor to be weighed because a sale of that property could well satisfy in full the tax liabilities that underlie the liens in question. As demonstrated by Richard Labunski's affidavit, the Legendary work has progressed rapidly, but is still ongoing. All facts that must be considered in exercising the Court's discretion are not yet before the Court, and the existence of those facts precludes a grant of summary judgment. Conversely, those facts will be known as of the date this case is presently set for trial, and a proper determination can then be made.

For these reasons, the State's motion should be denied, and the case should remain set for trial in July 2003.

Respectfully submitted,

LAWRENCE SHERLOCK
State Bar No. 18240720
U.S. District Court No. 7454
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas  77002
(713) 658-1818
(713) 658-2553 (facsimile)


OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & MARTIN
1200 Smith Street
Suite 1400
Houston, TX  77002

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Defendant's Response in Opposition to State of Texas' Motion for Summary Judgment has this 20th day of January, 2003, been made by mailing a copy thereof to:

Manuel P. Lena, Jr.
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

Kent M. Rider
Linebarger Heard
P. O. Box 17428
Austin, Texas 78760

David Randell
Assistant Attorney General
Bankruptcy and Collections Division
P. O. Box 12548
Austin, Texas 78711-2548

Yolanda Humphrey
Perdue, Brandon, Fielder, Collins & Mort
125 North Loop West, Suite 600
Houston, TX 77008

LAWRENCE SHERLOCK

0401777.01
001461-000000:1/20/03

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,  §
                           §
                           §
        Plaintiff          §
                           §
                           §        CIVIL NO. B-02-015
GRADY F. HEROLD, SR., et al §
                           §
        Defendants.        §

AFFIDAVIT OF RICHARD A. LABUNSKI

STATE OF TEXAS

COUNTY OF CAMERON

I, RICHARD A. LABUNSKI, having knowledge of the facts stated below, declare that they are true and correct:

1.     My name is Richard A. Labunski. I am a professional architect, and I am a principal in the architect and consulting firm, Labunski Associates, located in Harlingen, Texas.

2.     I and my firm were engaged by Legendary, Inc. on behalf of the Estate of Lillian Schwarz to develop several master land use plans to maximize the development of the Schwarz tract of land on South Padre Island, Texas.

3.     As part of my efforts, I developed and submitted to the Town of South Padre Island an application for a Beach and Dune Construction Permit to allow construction of retaining walls on the property. The date of submission was December 2, 2002.

- 1 -

EXHIBIT A

4.    I have also developed a dune mitigation plan and have coordinated the development of land surveys and engineering calculations to support the proposed mitigation plan.

5.    The application for the Beach and Dune Construction Permit is scheduled to be heard by the Town of South Padre Island Beach and Dune Task Force on January 13, 2003. I expect a favorable recommendation from the Task Force and expect the permit to be referred to the Town of South Padre Island Commissioners who would then officially grant the permit at their regular meeting on January 22, 2003.

6.    Attached to this Affidavit is a copy of the narrative portion of the submission to the Beach and Dune Task Force. A description of the appendices is also attached, but the maps, surveys and photographs that make up the appendices are not attached

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON THE ___13TH___ DAY OF JANUARY, 2003.

Richard A. Labunski, A.I.A.

#5651
1/13/03

04000041.01
001461-000000:1/8/03

- 2 -



**★LABUNSKI★ ASSOCIATES**
ARCHITECTS & CONSULTANTS

1514 S. 77 Sunshine Strip, Ste. 24   956/ 428-4334
Harlingen, Texas 78550        Fax 956/ 423-0582

December 2, 2002

*Application For*

# DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT

*Subject Property:*

## Proposed RETAINING WALLS and SITEWORK

**17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
**Padre Blvd, Hwy 100**
**Immediately North of the Sheraton Fiesta Hotel South of Bridgepoint Condominiums**
**SOUTH PADRE ISLAND, TEXAS**

Proposed Activity:

**Construction of North, East, and South Retaining Walls and Site Development Work**
**to prepare for construction of a Condominium Complex with Amenities**

*SUBMISSION CONTENTS:*

*      **Letter of Introduction**
*      **Project Description**
*      **Specific Data Required by Texas General Land Office**
*      **Appendix A**
  *      Letter of Agency
*      **Appendix B**
  *      Project Location Map
  *      Drawings of Proposed Activity & Improvements
  *      Photographs of Subject Property
*      **Attachments:**       Site Surveys
                               Engineer's Mitigation Volume Calculations
                               Engineer's Section Cuts



**★LABUNSKI★**
**ASSOCIATES**
**A R C H I T E C T S &**
**C O N S U L T A N T S**

1514 S. 77 Sunshine Strip, Ste. 24    956/428-4334
Harlingen, Texas 78550        Fax 956/423-0582

Beach & Dune Task Force                                                December 2, 2002
% Ms. Catherine Ball, Director of Planning
Town of South Padre Island
4405 Padre Blvd.
South Padre Island, Texas 78597

Re:    **Dune Protection Permit &**
       **Beachfront Construction Permit**
       North, East, and South Retaining Wall and Site Development Work
            to prepare for construction of a Hi-Rise Complex
       **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
       *Padre Blvd, Hwy 100,*
       *immediately North of the Sheraton Fiesta Hotel and South of Bridgepoint Condominiums*

Dear Task Force Members:

The Owner of the **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract** (commonly known as the "Schwarz Tract") is the Estate of Lillian A. Schwarz. This property is located on Padre Blvd immediately north of the Sheraton Fiesta Hotel and south of Bridgepoint Condominiums.

The Owner proposes to construct a sloped east retaining wall at the 1981 Historical Building Line, a vertical retaining wall at the north property line, and a vertical retaining wall on the south property line, and to fill the site in order to prepare for the construction of a high-rise complex on the property.

This application requests a Beach & Dune Permit and a Beachfront Construction Permit for the construction of north, east and south retaining walls, dune mitigation and filling of the site to the approximate elevation of the cap of the proposed east retaining wall.

The subject property is in its natural state and there are no structures on the property. However, there is a partial existing east retaining wall located on the Sheraton Fiesta Hotel property at the south property line of the subject property. No work has been done on the property and no improvements are in place. Please refer to photos of the subject property in Appendix B.

We hereby request that the Task Force grant a Beach & Dune Permit and a Beachfront Construction Permit for the construction of the proposed north, east and south retaining walls, the dune mitigation and site fill work on the subject property.

SPI Beach & Dune Task Force
Re:     **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT**
        **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
        Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 2.

## PROPOSED ACTIVITY:

**CONSTRUCTION of EAST, NORTH, and SOUTH RETAINING WALLS and SITE FILL**

> Sloped East Retaining wall at the 1981 Historical Building Line
> Vertical Retaining Wall at the north property line
> Vertical Retaining Wall at the south property line
> Dune Mitigation Site Work
> Site Fill Work

Enclosed are twenty-two (22) copies of this submission and our check in the amount of $180.00 as required. Please place this item on the agenda for the earliest possible meeting of the Beach and Dune Task Force and advise us of the time and place for the meeting.

Please feel free to contact us at any time.

Sincerely,

R. A. Labunski, AIA, NCARB
President

Enclosures:    22 copies of submission
               LAA $180.00 check

SPI Beach & Dune Task Force
Re:   **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT**
      **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
      **Padre Blvd, Hwy 100, South Padre Island, Texas**
December 2, 2002
Page 3.

## 1.   DESCRIPTION OF PROPOSED WORK:

### RETAINING WALLS

The proposed east retaining wall will be a sloped deep pile-supported concrete wall located on the "1981 Historical Building Line" and will connect to the existing retaining walls at the Sheraton Fiesta Hotel at the south and to the proposed north vertical retaining wall located on the subject property line.

The proposed north and south retaining walls will be vertical walls with minimum 12' long structural vinyl sheet pilings tied with a reinforced concrete cap beam and anchored by concrete deadmen.

Details of the proposed retaining walls are included in APPENDIX A of this document.

### SITE FILL WORK

Permission to construct the retaining walls is being requested in order to prepare the site for development and construction of a hi-rise complex which will be presented to the Beach & Dune Task Force for approval at a later date.

Fill and sitework for the 13.34 acre development (west of the 1981 Historical Building Line) will consume several months of the project schedule. In order to expedite the project and to safeguard the new retaining walls, we propose to fill and grade the site to rough grades in plateaus of various elevations from approximately 12.0' - 14.0' at the proposed east retaining wall to approximately 8' elevation at mid site.

## 2.   JUSTIFICATION:

The subject property is in an excreting area of South Padre Island. The proposed activities are consistent with site development activities in preparation for construction of single family, multi-family, and commercial projects on South Padre Island.

Construction of the proposed retaining walls will help prevent erosion of the area west of the 1981 Historical Building Line. Dune impact will be mitigated by moving all existing dune material and vegetation above the 10.0' elevation and behind the line of the proposed east retaining wall to the toe of the existing dune line on the subject property.

Since this application does not request any habitable structures, beach access will be not be affected by this activity.

SPI Beach & Dune Task Force
Re:   **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT
17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 4.

3.    <u>LANDSCAPING PLAN:</u>

Separate permit applications will be submitted for the construction of the proposed retaining walls and the future proposed hi-rise complex.

Detailed landscape plans for all plant materials and specifications for a complete automatic landscape irrigation system will be submitted along with the building permit application for the construction of the structures associated with this upscale development.

Transplanting of mitigated existing plant materials and natural vegetation will be done by machine in conjunction with the relocation of the sand and dune material above elevation 10.0' in order to minimize impact on the plant mortality rate. Transplanted vegetation and dune material will be watered every other day for a period of not less than thirty (30) calendar days to encourage growth.

4.    **SPECIFIC DATA:**

A.    **APPLICANT DATA**

OWNER & APPLICANT:          The Estate of Mrs. A. D. Dickinson Jr.
                            Grady F. Herold, Sr., Independent Executor
                            Post Office Box 584
                            Mercedes, Texas 78570

OWNER'S REPRESENTATIVE:     Architect Richard A. Labunski, AIA, NCARB
                            Texas Registration Number 5651
                            1514 S. 77 Sunshine Strip, Suite 24
                            Harlingen, Texas 78550
                            Tel. 956-428-4334      Fax 956-423-0582

B.    **LEGAL DESCRIPTION**

17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract

C.    **NUMBER OF PROPOSED STRUCTURES**

The proposed activity will have three (3) structures as follows and as indicated on the enclosed drawings:

East Retaining Wall, North retaining wall, and South Retaining Wall

No habitable structures, roadways, or other improvements are requested in this permit application.

SPI Beach & Dune Task Force
Re:     **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT**
        **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
        Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 5.

**D.     NUMBER OF PARKING SPACES**

No parking spaces are required or intended to be provided.

No curb cuts or access from adjacent roadways area apart of this permit application.

No habitable structures, roadways, or other improvements are requested in this permit application.

**E.     PERCENTAGE OF OPEN SPACE**

100% open space - no structures or surface improvements, other than the north, east, and south retaining walls are proposed.

Impervious areas and calculations will be addressed when the applications for permits for other improvements are submitted for review by the Beach & Dune Task Force.

**F.     DRAWINGS OF PROPOSED CONSTRUCTION**

Enclosed are drawings of the proposed work:

**1.     EAST, SOUTH, & NORTH RETAINING WALLS**

East:   A sloped concrete retaining wall across the subject property on the 1981 Historical Building Line connecting to the Sheraton wall at the south property line and the proposed north retaining wall at the north property line.

South:  A vertical retaining wall on the south property line extending from the 1981 Historical Building Line west approximately 690' to a point approximately 10' west of the extended east right-of-way line of Gulf Blvd.

North:  A vertical retaining wall on the north property line extending from the 1981 Historical Building Line west approximately 595' to a point approximately 10' west of the extended east right-of-way line of Gulf Blvd.

**Drawings Enclosed:**
Site Plan showing location of proposed retaining walls
Typical retaining wall details

SPI Beach & Dune Task Force
Re:    **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT
17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 6.

G.    DURATION OF CONSTRUCTION

Construction of the entire retaining wall, fill, and grading project will take approximately six to eight (6-8) months from start of construction to completion of the walls. Weather permitting, all retaining walls and site fill and grading work will be completed within that time period.

H.    DUNE WALKOVERS

Because this application does not include any habitable structures or parking, permission to construct dune paths or walkover structures is not requested as a part of this Application. Proposed location(s) and typical construction details for dune paths and dune walkovers may be submitted as a part of future applications for permits to construct habitable structures and/or parking.

I.    GRADING PLANS

The portion of the existing site which lies east of the extended east right-of-way line of Gulf Blvd is well vegetated. The area which lies between the extended east ROW of Gulf Blvd and the 1981 Historical Building Line contains 27,391 cubic yards of sand and vegetation above elevation 10.0' as calculated by Mejia & Rose Engineers using computer generated sections integrated with the topographic survey and civil engineering computer software.

The area which lies in the requested 10' retaining wall maintenance area east of the proposed retaining wall contains 48 cubic yards of sand and vegetation above elevation 10.0' as calculated by Mejia & Rose Engineers.

The enclosed Grading Plan shows the entire 27,439 cubic yards of sand and vegetation will be relocated to the beachfront as a part of the proposed mitigation plan.

The area mitigated area in front of the proposed east retaining wall at the 1981 Historical Building Line to the toe of the existing east vegetation line will result in a vegetated plateau at 13.0', slightly lower than the elevation of the proposed east retaining wall at 14.0'.

The east retaining wall cap will match the elevation of the Bridgepoint wall at an elevation of approximately 14.0' across the property. There will be a 10' wide "maintenance strip" at the base of the east retaining wall seaward of the proposed retaining wall.

The elevation of the north and south retaining walls will join the east retaining wall at roughly 12.0' - 14.0' and will decrease in elevation to approximately 8.0' - 10.0' as they extend west.

The improved property will drain only to the west.

SPI Beach & Dune Task Force
Re:    DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT
       17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract
       Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 7.

I.    GRADING PLANS (continued)

       Drawings Enclosed:
             Grading/Site Plan showing direction of drainage.
             Mitigation Plan showing proposed area for relocation of existing
                   vegetation and sand over 10.0'.
             Survey of existing site
             Engineering Section Cuts through site
             Engineering volume data indicating sand above 10.0' in permit area
             Full size drawings will be presented with the Building Permit
                   Application.

J.    PHOTOGRAPHS

       Current color site photographs taken by Richard A. Labuński, AIA on June 20, and
       November 21, 2002 are enclosed.

             Photographs Enclosed:

             Ground level view of Subject Property from North, South, Northeast, &
                   Southeast
             Ground level view of Subject Property from Northwest, & Southwest
             Aerial view of 1981 Historical Building Line and mitigation area from
                   Sheraton Fiesta Hotel roof.

K.    EFFECTS OF THE PROPOSED ACTIVITY ON THE BEACH / DUNE SYSTEM

       The proposed activities are consistent with other beachfront developments within the limits
       of the Town of South Padre Island. The proposed activities will continue the Town's east
       retaining wall along the beach and will preserve the sand behind the wall.

       Potential adverse effects on the beach and/or dune system will be mitigated by the
       relocation of all vegetation and the natural sand above elevation 10.0' above sea level to
       the beachfront as indicated on the enclosed mitigation drawing.

       The proposed activity will have a positive affect on the beach and dune system
       by relocating 27,439 cubic yards of sand and natural vegetation to the beach system.

SPI Beach & Dune Task Force
Re:   DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT
      17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract
      Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 8.

L.    MITIGATION PLAN

      All existing vegetation and natural sand over elevation 10.0' located east of the extended
      east right-of-way line of Gulf Blvd and west of the proposed 10' east retaining wall
      maintenance strip (27,439 cubic yards as calculated by Mejia & Rose Civil Engineers) will
      be relocated to a location east of the proposed east retaining wall to foster the dune
      system as indicated on the enclosed mitigation drawing.

      The Owner realizes the value of the dunes in the control of erosion and protection of
      property and improvements.

      Transplanting of mitigated existing plant materials and natural vegetation will be done by
      machine in conjunction with the relocation of the sand and dune material above elevation
      10.0' in order to minimize impact on the plant mortality rate. Transplanted vegetation and
      dune material will be watered every other day for a period of not less than thirty (30)
      calendar days to encourage growth.

      Regardless of the calculated yardage, all existing vegetation and all natural sand above
      elevation 10.0' will be relocated to a location east of the proposed east retaining wall to
      foster the dune system.

                          Drawings Enclosed:
                              Mitigation Plan, Site Plan, & Grading Plan
                          Mitigation Volume Calculations Enclosed

M.    FINANCIAL RESPONSIBILITY

      Prior to issuance of a Building Permit for the construction of the proposed retaining walls
      and/or commencement of proposed mitigation and/or site fill work in the area east of the
      extended east ROW of Gulf Blvd, the Owner will file with the Cameron County Clerk a
      property deed restriction, acceptable to the Town of South Padre Island, as financial
      responsibility for removal of the proposed retaining wall(s) and/or other improvements in
      the event that the waters of the Gulf of Mexico are in contact with those improvements for
      a period of thirty (30) consecutive days as per SPI ordinance.

      The Owner has sufficient financing for the proposed improvements, proposed mitigation,
      and soft costs. The General Contractor will, by contract, be required to complete the work
      in compliance with codes and ordinances and in a timely manner.

      Completion of the entire project, including the requested construction and mitigation, will
      be observed by the Project Architect and subject to the approval of the Building Official of
      the Town of South Padre Island.

SPI Beach & Dune Task Force
Re:     **DUNE PROTECTION PERMIT and BEACHFRONT CONSTRUCTION PERMIT**
        **17.1 Acre Tract out of a 21.83 Acre Tract out of the Mrs. A. D. Dickinson Jr. Tract**
        Padre Blvd, Hwy 100, South Padre Island, Texas
December 2, 2002
Page 9.

N.      SITE MAP / SURVEY PLAT

        Enclosed is a Site Plan layout for the proposed work included in this phase of this project
        and a Site Survey for this property.

                        **Drawings Enclosed:**
                        Site Topographic Survey Plat
                                `by Mejia & Rose Engineers
                        Site Plan of proposed improvements

O.      FEMA ELEVATION CERTIFICATE

        A FEMA Elevation Certificate, as appropriate, will be issued for the habitable structures in
        the completed project. However, no habitable structures are included in this project at this
        time.

        The attached Mejia & Rose topographic survey shows the current FEMA "VE" and "AE"
        and "X" designations for the property. We anticipate that all habitable structures will be
        located in the "X" and "AE 8.0" zones.

        A FEMA elevation Certificate will be issued for all structures constructed.

**END OF BEACH & DUNE PERMIT APPLICATION**

**Enclosed Documents:**
                **APPENDIX A**        *        Letter of Authorization (Agency)
                **APPENDIX B**        *        Site Location Map
                                      *        Proposed Retaining Wall Plan
                                      *        Proposed Rough Site Grading Plan
                                      *        Proposed Mitigation Site Plan With Grading
                                      *        Proposed Typical Retaining Wall Details
                                      *        Site Photographs Taken June 20 & Nov 21, 2002
**Attachments:** Topographic Surveys @ 1"= 60' @ 1"=30' with Volume Calculations of existing material
                above Elevation 10.0'                        *(by Mejia & Rose, Inc. Engineers)*
                Engineering Section Cuts thru Property       *(by Mejia & Rose, Inc. Engineers)*

# APPENDIX A

\*     **Letter of Authorization (Agency)**

# APPENDIX B

*    **Site Location Map**

*    **Proposed Retaining Wall Plan**

*    **Proposed Mitigation Site Plan With Grading**

*    **Proposed Rough Site Grading Plan**

*    **Proposed Typical Retaining Wall Details**

*    **Site Photographs Taken June 20 & November 21, 2002**

>    **Plates I, II, III, V & VI   Ground Level Views of Subject Property**
>    **Plate IV                    Aerial View of Subject Property**

*    **Attachments:**

>    **Topographic Survey** with **Volume Calculations** of existing material
>    above Elevation 10.0'         *(Mejia & Rose, Inc. Engineers)*
>    **Engineering Sections** thru Property  *(Mejia & Rose, Inc. Engineers)*